692                                         461 Mass. 692 (2012)

81 Spooner Road, LLC *v.* Zoning Board of Appeals of Brookline.

## 81 Spooner Road, LLC *vs.* Zoning Board of Appeals of Brookline & others[1] (and a companion case[2]).

Suffolk. December 8, 2011. - March 20, 2012.

Present: Ireland, C.J., Spina, Cordy, Botsford, & Gants, JJ.

*Zoning,* Person aggrieved.

In civil actions brought in the Land Court, pursuant to G. L. c. 40A, § 17, arising from a challenge by abutters to the issuance of a building permit for construction of a single-family home on a lot owned by a developer, the judge properly granted summary judgment in favor of the abutters on the issue of standing, where the developer's reliance on its own legal arguments and on the abutters' deposition testimony was not sufficient to rebut the abutters' presumptive standing as persons aggrieved, in that the abutters in their testimony identified a legally cognizable injury, i.e., that construction of the home on that lot violated the density provisions of the local zoning bylaw. [699-705]

Civil actions commenced in the Land Court Department on November 10 and 14, 2005.

The cases were heard by *Charles W. Trombly, Jr.,* J.

After review by the Appeals Court, the Supreme Judicial Court granted leave to obtain further appellate review.

*Jeffrey P. Allen* (*Donald J. Gentile* with him) for 81 Spooner Road, LLC.

*James Gray Wagner* (*Jan M. Kendrick* with him) for George P. Fogg, III, & another.

*Jennifer Dopazo Gilbert,* Town Counsel (*John J. Buchheit,* Associate Town Counsel, with her) for zoning board of appeals of Brookline.

Spina, J. In this case, we consider whether a judge in the Land Court properly granted summary judgment in favor of George P. Fogg, III (George), and his mother, Frances K. Fogg (Frances), on the issue of their standing as "aggrieved" persons

[1]George P. Fogg, Third, and Frances K. Fogg.

[2]George P. Fogg, Third, & another *vs.* 81 Spooner Road, LLC, & another.

pursuant to G. L. c. 40A, § 17. The Foggs challenged the issuance of a building permit to 81 Spooner Road, LLC (developer) by the building commissioner for the town of Brookline (town or Brookline). The town's zoning board of appeals (board) determined that the permit should be rescinded. After the issue of standing was eliminated on summary judgment, the matter proceeded to a bench trial on the merits. The judge affirmed the decision of the board. The developer appealed. The Appeals Court affirmed the judgments, both as to standing and the underlying merits, concluding, among other things, that the developer had failed to rebut the Foggs' presumptive standing as abutters. See *81 Spooner Rd., LLC* v. *Zoning Bd. of Appeals of Brookline*, 78 Mass. App. Ct. 233 (2010). We granted the developer's application for further appellate review. For the reasons that follow, we now affirm the granting of summary judgment to the Foggs on the standing issue.[3]

1. *Background.* We summarize the relevant facts as found by the Land Court judge, supplemented where necessary by undisputed facts in the record. George lives in a single-family home at 91 Spooner Road in Brookline, and Frances lives in a single-family home at 61 Spooner Road. Their properties were located on either side of and abutted the property at 81 Spooner Road (subject property), which had an area of approximately 22,400 square feet. On June 30, 2004, the developer purchased the subject property, on which was located a single-family home. The subject property is situated in an S-10 zoning district. A sketch made by the Land Court showing the properties at issue is attached hereto as an Appendix.

In an S-10 zoning district, the town's zoning bylaw permits single-family homes on lots having a minimum size of 10,000 square feet. Table 5.01 of the zoning bylaw specifies the uses, the minimum lot size, the maximum floor-to-area ratio, the minimum lot width, the maximum building height, the setback

---

[3]Given that the issue of standing was the only one raised by the developer in its brief before this court, the underlying merits of the case are not before us. See Mass. R. A. P. 16 (a) (4), as amended, 367 Mass. 921 (1975) ("appellate court need not pass upon questions or issues not argued"); Mass. R. A. P. 27.1 (f), as amended, 441 Mass. 1601 (2004) ("If a new brief is filed [on further appellate review], it will be considered in lieu of the Appeals Court brief"). See also *Sullivan* v. *Liberty Mut. Ins. Co.*, 444 Mass. 34, 35 n.1 (2005).

requirements, and the open space requirements for each zoning district in the town. As pertinent to this case, the floor-to-area ratio limits the size of the building that can be situated on a lot of a particular area. The floor-to-area ratio applicable to an S-10 zoning district is .3, and, at the time the subject property was purchased by the developer, it conformed to this requirement by having a floor-to-area ratio of .17.

On March 9, 2005, the town's planning board indorsed the developer's "approval not required" subdivision plan pertaining to the subject property. See G. L. c. 41, § 81P (approval of plan not subject to subdivision control law). The plan divided the subject property into two lots — 81 and 71 Spooner Road. The lot with the existing single-family home at 81 Spooner Road, which became 10,893 square feet after the division, then was sold to Fredrik and Rebecca Velander on March 25, 2005.[4] George at 91 Spooner Road remained the abutter to this property. The developer retained the newly created lot at 71 Spooner Road, which was 11,648 square feet after the division. On April 8, 2005, the town's building commissioner issued a permit to the developer, allowing the construction of a two-story, single-family house at 71 Spooner Road. Frances at 61 Spooner Road became the abutter to this property.

By letter to the town's building commissioner dated May 16, 2005, the Foggs requested, pursuant to G. L. c. 40A, § 7,[5] that the building permit "be rescinded and that all development on 71 Spooner Road be ordered halted." Among other concerns, they asserted that, absent the property at 71 Spooner Road, the existing home at 81 Spooner Road exceeded the maximum floor-to-area ratio allowed under the zoning bylaw, rendering the lot at 71 Spooner Road invalid for separate development (known as "infectious invalidity").[6] The Foggs also claimed that the floor-to-area ratio of the proposed house at 71 Spooner

---

[4]Fredrik and Rebecca Velander are not parties in the present action.

[5]General Laws c. 40A, § 7, provides that a building commissioner "shall be charged with the enforcement of the zoning ordinance or by-law and shall withhold a permit for the construction . . . of any building . . . if the building . . . as constructed . . . would be in violation of any zoning ordinance or by-law . . . ."

[6]Under the common-law principle of "infectious invalidity," a property owner may not create a valid building lot by dividing it from another parcel

Road would exceed the maximum ratio allowed under the bylaw. On May 31, 2005, the building commissioner denied the Foggs' request to rescind the building permit, concluding that both 71 and 81 Spooner Road conformed with the requirements of the zoning bylaw. The Foggs appealed from that decision to the board pursuant to G. L. c. 40A, § 8.

Public hearings were held on September 22 and October 20, 2005. At the outset, the developer asserted that the Foggs did not have standing to challenge the building commissioner's decision before the board because they were not "aggrieved" persons. The board declined to consider the developer's argument and proceeded with the hearing.

By decision dated November 1, 2005, the board rescinded the building permit issued to the developer. The basis for the board's decision was its finding that, notwithstanding the developer's claim that disputed space on the second floor of the 71 Spooner Road house was "non-habitable attic space," the developer intended for such space to be habitable. Therefore, the disputed space had to be included in the dwelling's gross floor area for the purpose of calculating its floor-to-area ratio. Once included in such calculation, the house at 71 Spooner Road, when completed, would exceed the maximum floor-to-area ratio allowed in an S-10 district under the zoning bylaw. The board rejected the Foggs' contention that, once the subject property was divided into two lots, the existing home at 81 Spooner Road exceeded the maximum allowable floor-to-area ratio because the property at 71 Spooner Road was necessary to maintain 81 Spooner Road's compliance with the bylaw. The board stated that it had received information from the building commissioner that the Velanders had applied for and been issued a permit to "[r]emove interior finish from the attic." In the board's view, removing all interior finish from the third floor "attic" would render that area "non-habitable space," and it then could be excluded from the home's gross floor area. Once this occurred, the house at 81 Spooner Road would be in compliance with the zoning bylaw's maximum floor-to-area ratio for an S-10 district. The board

rendered nonconforming by such division. See *Alley* v. *Building Inspector of Danvers*, 354 Mass. 6, 6-7 (1968); *Planning Bd. of Nantucket* v. *Board of Appeals of Nantucket*, 15 Mass. App. Ct. 733, 737-738 (1983).

cautioned that its decision regarding this issue was based on its assumption that the Velanders actually converted the attic to "non-habitable space."

In response to the board's decision, the building commissioner notified the developer's general contractor that the building permit for 71 Spooner Road was suspended until either new plans were submitted showing that the house conformed to the maximum allowable floor-to-area ratio, or the ensuing appeal from the board's decision was resolved. The building commissioner ordered the contractor to stop all work at 71 Spooner Road, except any work necessary to make the property safe and secure.

In November, 2005, the developer and the Foggs each filed a complaint in the Land Court, seeking judicial review of the board's decision pursuant to G. L. c. 40A, § 17.[7] The focus of the developer's complaint against the board and the Foggs was its contention that the board erred in rescinding the building permit based on its finding that the 71 Spooner Road house, when completed, would exceed the maximum floor-to-area ratio allowed in an S-10 district under the zoning bylaw.[8] The developer also reiterated its assertion that the Foggs did not have standing as "aggrieved" persons to challenge the issuance of the building permit before the board. In their complaint against the board and the developer, the Foggs took issue with the board's rejection of their argument as to the "infectious invalidity" of 71 Spooner Road.

On February 22, 2006, the developer filed separate motions for summary judgment with respect to its own complaint and that of the Foggs. The basis for each motion was the developer's

[7]The Foggs also filed a motion to consolidate the appeals, which the developer opposed. On January 3, 2006, the Land Court judge denied the motion on the ground that the developer no longer owned 81 Spooner Road. The appeals were treated as "companion cases." Several years later, the Appeals Court granted the parties' joint motion to consolidate.

[8]In a separate but related action against the town filed in the Land Court on November 21, 2005, the developer challenged the validity of § 5.20 of the zoning bylaw, which employs a maximum floor-to-area ratio to regulate land use in various zoning districts within the town. The Foggs' motion to intervene in the case pursuant to Mass. R. Civ. P. 24, 365 Mass. 769 (1974), was denied. Ultimately, this court upheld the validity of the bylaw. *81 Spooner Rd. LLC* v. *Brookline*, 452 Mass. 109 (2008).

contention that the Foggs were not "aggrieved" persons within the meaning of G. L. c. 40A, § 17, and, therefore, lacked standing to appeal from the issuance of the building permit before the board. In support of its position, the developer relied on its own memoranda of law and on portions of the Foggs' deposition testimony. The Foggs filed an opposition and a cross motion for summary judgment with respect to both complaints, requesting entry of an order pursuant to Mass. R. Civ. P. 56 (d), 365 Mass. 824 (1974), that they had standing to appeal from the building commissioner's decision.[9] In support of their position, the Foggs presented their own deposition testimony, several photographs, a site plan of the area, and a section of a legal treatise concerning the regulation of density in urban areas.

On April 13, 2007, the judge denied the developer's motions for summary judgment, granted the Foggs' motion for summary judgment, and eliminated the issue of standing from a trial on the merits of the parties' complaints seeking judicial review of the board's decision. He found that Frances, as an abutter to the property at 71 Spooner Road, was entitled to a presumption of standing as a "party in interest."[10] He stated that while the evidentiary record before the court was "thin," the issue was not

[9]In their depositions, the Foggs claimed that they were "aggrieved" persons for eight reasons: (1) the "open, suburban feel" of their neighborhood would be destroyed as a result of the addition of the proposed house at 71 Spooner Road; (2) the proposed house would destroy the Foggs' views and privacy; (3) the proposed house would contribute to additional "muss" and "traffic" on Spooner Road; (4) the proposed house would not be in keeping with other homes in the neighborhood; (5) the proposed house required the installation of a dangerous driveway on the east side of the 81 Spooner Road lot; (6) the proposed house would violate the density provisions of the zoning bylaw and adversely affect the value of the Foggs' properties; (7) the development of the lot at 71 Spooner Road would cause a loss of green space; and (8) the proposed house would increase the number of occupants on Spooner Road.

[10]The judge noted that although George's property does not abut 71 Spooner Road, he is an abutter to an abutter. See G. L. c. 40A, § 11 (defining "[p]arties in interest" as including "abutters to the abutters within three hundred feet of the property line of the petitioner"). The judge stated that it was unclear from the record whether George's property satisfied the 300-feet requirement, but, in any event, it was irrelevant whether he qualified as a party in interest. Only one of the parties in a zoning appeal must be an "aggrieved" person under G. L. c. 40A to establish standing to challenge a zoning decision. See *Cohen* v. *Zoning Bd. of Appeals of Plymouth*, 35 Mass. App. Ct. 619, 620 (1993) ("in a multiple party appeal it is only necessary to determine whether any one plaintiff is aggrieved in order to determine the standing

whether the Foggs had presented enough evidence, but, rather, whether the developer had presented sufficient evidence to rebut their presumption of standing. The judge concluded that the developer had not. He stated that the developer did not present any evidence beyond pointing out deficiencies in the Foggs' claims of aggrievement. In his view, this was insufficient to rebut the Foggs' presumption of standing. Finally, the judge stated that, even if the developer was successful in rebutting the presumption, the Foggs still would have standing based on one of their substantive claims of aggrievement — that the proposed house at 71 Spooner Road would cause a diminution in their property values — where the claim related to a cognizable interest protected by the zoning bylaw.

The cases proceeded to trial on December 4 and 5, 2007. After the resolution of various posttrial motions that are not relevant here, separate judgments entered in favor of the Foggs on April 27, 2009, affirming the decision of the board. With respect to the developer's action, the judge agreed with the board that the disputed space on the second floor of the proposed house at 71 Spooner Road was habitable space, designed as part of a complete two-story dwelling, and was not an "attic" within the meaning of the zoning bylaw. As such, the judge continued, the disputed space had to be included in the home's gross floor area. Once included, the house exceeded the maximum allowable floor-to-area ratio for an S-10 zoning district. Accordingly, the judge concluded that the board properly rescinded the building permit issued to the developer for 71 Spooner Road. With respect to the Foggs' action, the judge stated that the house at 81 Spooner Road, when considered on its own without the 71 Spooner Road lot, exceeded the maximum allowable floor-to-area ratio for an S-10 zoning district and was rendered nonconforming. Consequently, the lot at 71 Spooner Road also was rendered nonconforming as a result of "infectious invalidity." See note 6, *supra*. The judge concluded that the board properly determined that a building permit could be issued to 71 Spooner

issue"); *Murray* v. *Board of Appeals of Barnstable*, 22 Mass. App. Ct. 473, 476 n.7 (1986) (fact that only one plaintiff among several was aggrieved person is sufficient for standing purposes to permit appeal from zoning board decision). See also *Jepson* v. *Zoning Bd. of Appeals of Ipswich*, 450 Mass. 81, 92 (2007).

Road if all interior finish from the third floor "attic" of the house at 81 Spooner Road was removed, thereby bringing that house into compliance with the zoning bylaw.[11]

2. *Discussion.* The developer contends that the Land Court judge erred in concluding that the Foggs were "aggrieved" persons with standing to challenge the building commissioner's decision to issue a building permit for 71 Spooner Road. We disagree.

We review de novo the judge's decision granting summary judgment to the Foggs on the issue of standing. See *Marhefka v. Zoning Bd. of Appeals of Sutton*, 79 Mass. App. Ct. 515, 517 (2011). Because a judge does not engage in fact finding when ruling on cross motions for summary judgment, we do not give deference to the judge's decision. See *Albahari* v. *Zoning Bd. of Appeals of Brewster*, 76 Mass. App. Ct. 245, 248 (2010). Contrast *Marashlian* v. *Zoning Bd. of Appeals of Newburyport*, 421 Mass. 719, 720, 722 (1996) (*Marashlian*) (after contested evidentiary hearing, appellate court will not overturn judge's findings on standing unless clearly erroneous). "[W]here both parties have moved for summary judgment, the evidence is viewed in the light most favorable to the party against whom judgment [entered]." *Albahari* v. *Zoning Bd. of Appeals of Brewster*, *supra* at 248 n.4. Cf. *Graham* v. *Quincy Food Serv. Employees Ass'n & Hosp., Library & Pub. Employees Union*, 407 Mass. 601, 603 (1990) (when court grants summary judgment for non-moving party, we view record in light most favorable to summary judgment loser). A party seeking summary judgment may satisfy its burden of demonstrating the absence of triable issues, see *Pederson* v. *Time, Inc.*, 404 Mass. 14, 16-17 (1989), by showing that the party opposing the motion will not be able to prove an essential element of its case. See *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). See also *Standerwick* v. *Zoning Bd. of Appeals of Andover*, 447 Mass. 20, 32 (2006) (*Standerwick*).

---

[11]Although a building permit could be issued to 71 Spooner Road if the house at 81 Spooner Road was brought into compliance with the zoning bylaw, thereby resolving the matter of infectious invalidity, such action would not negate the fact that the 71 Spooner Road house still exceeds the maximum allowable floor-to-area ratio for an S-10 zoning district.

Under the Zoning Act, G. L. c. 40A, only a "person aggrieved" has standing to challenge a decision of a zoning board of appeals. G. L. c. 40A, § 17. See *Barvenik* v. *Aldermen of Newton*, 33 Mass. App. Ct. 129, 131 (1992) (status as "person aggrieved" is jurisdictional prerequisite to maintaining action under G. L. c. 40A, § 17).[12] See generally M. Bobrowski, Massachusetts Land Use and Planning Law § 11.03[A], at 343-353 (3d ed. 2011). A "person aggrieved" is one who "suffers some infringement of his legal rights." *Marashlian, supra* at 721, citing *Circle Lounge & Grille, Inc.* v. *Board of Appeal of Boston*, 324 Mass. 427, 430 (1949). Of particular importance, the right or interest asserted by a plaintiff claiming aggrievement must be one that the Zoning Act is intended to protect, either explicitly or implicitly. See *Kenner* v. *Zoning Bd. of Appeals of Chatham*, 459 Mass. 115, 120 (2011) (*Kenner*); *Standerwick, supra* at 27-28. See also *Marhefka* v. *Zoning Bd. of Appeals of Sutton, supra* at 518-519, and cases cited. We do not define aggrievement narrowly, see *Marashlian, supra*, but we have stated that "[a]ggrievement requires a showing of more than minimal or slightly appreciable harm." *Kenner, supra* at 121, and cases cited.

Abutters are entitled to a rebuttable presumption that they are "aggrieved" persons under the Zoning Act and, therefore, have standing to challenge a decision of a zoning board of appeals.[13] See G. L. c. 40A, § 11 (presumption of standing conferred on "parties in interest," who include "abutters"). See also *Marashlian, supra*; *Watros* v. *Greater Lynn Mental Health & Retardation Ass'n*, 421 Mass. 106, 111 (1995); *Marotta* v. *Board of Appeals of Revere*, 336 Mass. 199, 204 (1957). However, an adverse party can challenge an abutter's presumption of standing by offering evidence "warranting a finding contrary to the presumed fact." *Marinelli* v. *Board of Appeals of Stoughton*, 440 Mass. 255, 258 (2003). See *Watros* v. *Greater Lynn Mental Health & Retardation*

---

[12]Status as an "aggrieved" person is a jurisdictional prerequisite both to seeking relief from a zoning board of appeals under G. L. c. 40A, § 8, and to maintaining an action for judicial review pursuant to G. L. c. 40A, § 17. See *Green* v. *Board of Appeals of Provincetown*, 404 Mass. 571, 572-573 (1989); *Chongris* v. *Board of Appeals of Andover*, 17 Mass. App. Ct. 999, 1000 (1984).

[13]The developer has not challenged the fact that the Foggs, as abutters, are presumed to be "aggrieved" persons.

*Ass'n, supra* (presumption rebutted when defendant "challenges a plaintiff's status as an aggrieved person *and offers evidence supporting his or her challenge*" [emphasis in original]). See also *Standerwick, supra* at 34. The presumption of aggrievement conferred on abutters does not shift the burden of proof on standing. See *id.* at 34-35 & n.20. The plaintiff always bears the burden of proving aggrievement necessary to confer standing; an abutter's presumption of standing simply places on the adverse party the initial burden of going forward with evidence. See *id.*

If a defendant offers enough evidence to warrant a finding contrary to the presumed fact, the presumption of aggrievement is rebutted, and the plaintiff must prove standing by putting forth credible evidence to substantiate the allegations. See *Kenner, supra* at 118; *Sweenie* v. *A.L. Prime Energy Consultants*, 451 Mass. 539, 543 & n.11 (2008); *Marashlian, supra*. This requires that the plaintiff "establish — by direct facts and not by speculative personal opinion — that his injury is special and different from the concerns of the rest of the community." *Standerwick, supra* at 33, quoting *Barvenik* v. *Aldermen of Newton, supra* at 132. See *Kenner, supra* at 118, 120. At that juncture, the jurisdictional issue of standing will be decided on the basis of all the evidence, with no benefit to the plaintiff from the presumption of aggrievement. See *id.* at 118. See also *Marashlian, supra*; *Barvenik* v. *Aldermen of Newton, supra* at 131. "Standing essentially becomes a question of fact for the judge." *Kenner, supra* at 119.

In contrast, when a defendant fails to offer evidence warranting a finding contrary to the presumed fact, the presumption of aggrievement is not rebutted, the abutter is deemed to have standing, and the case proceeds on the merits. See *Marinelli* v. *Board of Appeals of Stoughton, supra* (where evidence insufficient to rebut presumption of aggrievement, plaintiff has standing to appeal from determination by board of appeals); *Watros* v. *Greater Lynn Mental Health & Retardation Ass'n, supra* (where no evidence presented to rebut presumption of standing, plaintiffs entitled to rely entirely on presumed status as aggrieved parties, and court has jurisdiction to review decision of board of appeals); *Valcourt* v. *Zoning Bd. of Appeals of Swansea*, 48 Mass. App. Ct. 124, 128 (1999) (where defendant fails to meet burden of producing evidence to rebut presumption of

standing, presumption remains operative and abutters are "persons aggrieved" within meaning of G. L. c. 40A, § 17); *Murray* v. *Board of Appeals of Barnstable*, 22 Mass. App. Ct. 473, 476 (1986); *Rafferty* v. *Sancta Maria Hosp.*, 5 Mass. App. Ct. 624, 629-631 (1977).

The crux of the present dispute is what evidence a defendant must produce, in the context of summary judgment, to rebut successfully the presumption of standing. First, and perhaps most simply, a defendant can rebut the presumption by showing that, as a matter of law, the claims of aggrievement raised by an abutter, either in the complaint or during discovery, are not interests that the Zoning Act is intended to protect. See *Kenner*, *supra* at 120, and cases cited (concerns about visual impact of proposed structure on abutting property generally insufficient to confer standing because not within scope of interests protected by G. L. c. 40A). See also *Standerwick*, *supra* at 30-31 (preservation of real estate value of property abutting affordable housing development does not constitute cognizable basis for standing to challenge issuance of comprehensive permit where G. L. c. 40B not intended to protect such interest). An abutter can have no reasonable expectation of proving a legally cognizable injury where the Zoning Act and related zoning ordinances or bylaws do not offer protection from the alleged harm in the first instance. In such circumstances, the defendant will have rebutted the plaintiff's presumption of standing.

Second, where an abutter *has* alleged harm to an interest protected by the zoning laws, a defendant can rebut the presumption of standing by coming forward with credible affirmative evidence that refutes the presumption. The evidence must "warrant[] a finding contrary to the presumed fact" of aggrievement. *Marinelli* v. *Board of Appeals of Stoughton, supra.* For example, the defendant may present affidavits of experts establishing that an abutter's allegations of harm are unfounded or de minimis. See *Kenner, supra* at 119-120. See also *Standerwick, supra* at 23-24, 35.[14] Such evidence, if believed, would contradict the

---

[14]In *Standerwick* v. *Zoning Bd. of Appeals of Andover*, 447 Mass. 20 (2006), the plaintiffs challenged the issuance of a comprehensive permit for the construction of an affordable housing project on abutting and neighboring land. See *id.* at 21. The developer filed a motion for summary judgment on

presumed fact of aggrievement and, thus, rebut the plaintiff's presumption of standing.[15]

We acknowledged in *Standerwick, supra* at 35, that, in the summary judgment context, "a defendant is not *required* to present affirmative evidence that refutes a plaintiff's basis for standing" (emphasis added). Rather, "[i]t is enough that the moving party 'demonstrate[], by reference to material described in Mass. R. Civ. P. 56 (c), [365 Mass. 824 (1974),] unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving' a legally cognizable injury." *Id.*, quoting *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991). See *Bell* v. *Zoning Bd. of Appeals of Gloucester*, 429 Mass. 551, 554 (1999). To rebut the presumption of standing in *Standerwick*, the developer presented the plaintiffs' own responses to discovery in which they conceded that they had no evidence to support various allegations of aggrievement. See *Standerwick, supra* at 24, 35-36. Where such admissions were made, the developer was entitled to rely on them as evidence to show that the plaintiffs had no factual basis for their claims of harm and, therefore, had no reasonable expectation of proving that they were "aggrieved." *Id.* at 35-37. We cautioned that "[i]t is not sufficient for a defendant simply to file a motion for summary judgment, or to deny the plaintiffs' allegations." *Id.* at 37. See *Valcourt* v. *Zoning Bd. of Appeals of Swansea, supra* (defendants' answer to abutters' complaint and memoranda of law opposing abutters' motions for summary judgment did not constitute evidence supporting challenge to presumptive standing). However, where a plaintiff acknowledges during discovery a lack of substantive evidence to establish a legally cognizable injury, a defendant may rely on those admissions to rebut the plaintiff's presumption of standing, rather than

the issue of standing and presented, as part of its evidence, two expert affidavits to counter the plaintiffs' allegations of cognizable harms. See *id.* at 23-24. We stated that, "through [the] unchallenged affidavits of its experts, the developer established that the plaintiffs' claims of traffic and drainage problems were unfounded." *Id.* at 35.

[15]Once the presumption of standing has been rebutted successfully, the plaintiff then would have the burden of presenting credible evidence to substantiate the allegations of aggrievement, thereby creating a genuine issue of material fact whether the plaintiff has standing and rendering summary judgment inappropriate. See *Marhefka* v. *Zoning Bd. of Appeals of Sutton*, 79 Mass. App. Ct. 515, 519-521 (2011).

presenting independent evidence that would warrant a finding of no aggrievement.

Here, the Foggs enjoyed a presumption of standing to challenge the issuance of the building permit to the developer. The developer's strategy to rebut such presumption was not to present any affirmative evidence but, rather, to rely on its own legal arguments and on portions of the Foggs' deposition testimony. As to his allegations of aggrievement, George testified that he was damaged "financially and esthetically" by the configuration of 71 Spooner Road. He stated that "[t]he house is crowded in and not [in] keeping with the other houses on the street and stands out in not a positive way . . . ." George also testified that the house at 71 Spooner Road "shuts off a view" he had to his mother's property such that he could no longer keep track of entering and exiting vehicles. He acknowledged that he had not gotten "any professional opinion" as to how the value of his own house might be affected by the new construction. With regard to 71 Spooner Road, Frances testified that "[i]t's too big a house on too small a lot. It's against the law." She also stated that it "spoils [her] view" and "causes traffic."

Although not versed in the terminology of zoning law, the Foggs' testimony clearly indicates that one of their allegations of aggrievement[16] was that construction of the house at 71 Spooner Road violated the density provisions of the zoning bylaw.[17] The Foggs presented several photographs and a site plan of the area showing the 71 Spooner Road house in relation to their own properties. Simply put, they identified a legally cognizable injury. See *Sheppard* v. *Zoning Bd. of Appeal of Boston,* 74 Mass. App. Ct. 8, 11-12 (2009), *S.C.,* 81 Mass. App. Ct. 394 (2012) (variances granted to defendant further exacerbated density problems that zoning code was meant to

---

[16]Where plaintiffs allege several claims of aggrievement, they only need to satisfy their burden of proof with respect to one claim in order to establish standing. See *Krafchuk* v. *Planning Bd. of Ipswich,* 453 Mass. 517, 523 n.13 (2009).

[17]Section 1.00 of the zoning bylaw states that the purpose of the bylaw is to promote "public health, safety, convenience, and welfare," by, among other things, "preventing overcrowding of land." One of the ways that the town fulfils this purpose is by enforcing dimensional requirements, including maximum floor-to-area ratios, on property owners. See generally *81 Spooner Rd. LLC* v. *Brookline,* 452 Mass. 109, 110, 117-119 (2008).

address and, consequently, conferred standing on abutter as aggrieved person); *Dwyer* v. *Gallo*, 73 Mass. App. Ct. 292, 296 (2008) (where zoning bylaw designed to prevent congestion and overcrowding of land, abutter has cognizable legal interest in stopping further construction in overly dense zoning district). The developer's mere reliance on the Foggs' deposition testimony did not constitute evidence "warranting a finding contrary to the presumed fact" of aggrievement. *Marinelli* v. *Board of Appeals of Stoughton, supra.* Unlike in *Standerwick*, the developer did not show, through such deposition testimony, that the Foggs had no factual basis for their claim of harm, namely, the overcrowding of the 71 Spooner Road lot that negatively affected the density of the neighborhood. As we have stated, the initial burden of producing evidence was on the developer, not the Foggs, because they were presumed to be aggrieved. We conclude that the developer failed to rebut the Foggs' presumption of standing. Accordingly, because the Foggs were deemed to have standing, the judge properly eliminated that issue from the ensuing trial on the merits of the parties' complaints seeking judicial review of the board's decision to rescind the building permit.

3. *Conclusion.* The decision and order of the Land Court judge granting summary judgment to the Foggs on the issue of standing is affirmed.

*So ordered.*