DIARMUID O'CONNELL & another[1] *vs.* JEROME A. VAINISI
& others.[2]

No. 11-P-1906.

Norfolk. September 7, 2012. - October 22, 2012.

Present: GREEN, FECTEAU, & MILKEY, JJ.

*Zoning,* Person aggrieved.

In a civil action brought in the Superior Court by plaintiff abutters challenging
a decision of a town zoning board of appeals (board) on the abutters'
enforcement request regarding the construction by defendant neighboring
lot owners (neighbors) of a retaining wall and patio on which they erected
a fence, the judge erred in granting summary judgment in favor of the
neighbors on the ground that the abutters lacked standing, where the
neighbors' mere reliance on the abutters' deposition testimony did not suf-
fice to rebut the abutters' presumed standing [691-692]; further, this court
concluded that remand to the board was required for reconsideration of its
decision and a fuller explanation of its ruling that the retaining wall was
lawful under the town zoning by-law [692-693].

CIVIL ACTION commenced in the Superior Court Department on
July 2, 2009.

The case was heard by *John P. Connor, Jr.,* J., on motions for
summary judgment.

*Peter L. Eleey* for the plaintiffs.

*Adam J. Brodsky* for Jerome A. Vainisi & another.

*Kimberly M. Saillant* for zoning board of appeals of Cohasset.

MILKEY, J. In this zoning case, the plaintiffs challenge the
right of their neighbors to construct a certain structure along the
boundary between their properties. The zoning board of appeals
of Cohasset (board) restricted the size and use of the structure,
but otherwise allowed it to remain. On cross motions for sum-
mary judgment, a judge of the Superior Court dismissed the

---

[1]Elizabeth O'Connell.

[2]Tracy Vainisi and the zoning board of appeals of Cohasset.

plaintiffs' appeal of the board's ruling for lack of standing. We reverse and remand.

*Background.* Defendants Jerome A. and Tracy Vainisi (together, the Vainisis) own property in the town of Cohasset (town). Like most other lots in the area, the Vainisis' lot is undersized, but the house there enjoys status as a preexisting nonconforming structure. The western side yard of the Vainisis' lot previously sloped down toward the lot of their abutting neighbors, plaintiffs Diarmuid and Elizabeth O'Connell (together, the O'Connells). As part of a renovation project, the Vainisis constructed a stone retaining wall along the border of the two lots.[3] The wall was apparently over six feet in height, although its exact height is not established in the record. The Vainisis then filled in the area between the retaining wall and their house and placed cobblestones on top of the fill. This created a level cobblestone patio next to their home that could be used for parking and other activities. The Vainisis also built a wooden fence on top of the retaining wall.

The parties agree that a fifteen-foot side yard setback requirement applies to the Vainisis' property, and it is undisputed that the retaining wall, fence, and cobblestone patio lie in the setback area. Under § 5.2.6 of the town's zoning by-law, "structure[s]" are generally prohibited in setback areas. The term "[s]tructure" is expressly defined in § 2.1 of the by-law to include a "fence" and "retaining wall." However, § 5.2.6 of the by-law contains an express exception allowing a "perimeter wall, fence, or similar enclosure, not in excess of six feet in height" within the required setback.

Maintaining that the retaining wall, fence, and cobblestone patio could not legally be constructed within the setback area, the O'Connells requested enforcement from the town's building inspector. The building inspector concluded that the retaining wall fell within the allowed exception and therefore declined enforcement. The O'Connells appealed to the board, which held

---

[3]The Vainisis' renovation project included many other alterations to their single-family residence and lot that were the subject of a special permit application. Those other changes are not at issue in this appeal. The retaining wall and related structures that are at issue in this appeal were not included in the special permit application.

three hearings on the issue. The board eventually concluded that the retaining wall and fence together constituted "a structure of 9-11 feet [that] looms over the [O'Connells'] neighboring property." The board further concluded that this structure violated the applicable setback requirements, and it ordered that the fence be removed and the retaining wall be reduced to six feet or less in height. It also prohibited the Vainisis from using the cobblestone patio for parking and from placing anything on top of the wall or on the patio that could be seen from the O'Connells' property.[4] With those conditions in place, the board stated that it would not require the Vainisis to remove the patio or remaining wall. Notably, the board did not address whether the wall (as modified by the board's decision) would qualify as a permissible "perimeter wall, fence, or similar enclosure, not in excess of six feet in height," or whether the board instead was allowing the wall to remain as a matter of purported enforcement discretion.

At his deposition, plaintiff Diarmuid O'Connell (O'Connell) was pressed about the harm he suffered from the construction of the retaining wall and cobblestone patio. In response, he focused on the fact that the Vainisis had constructed within the fifteen-foot setback area — which used to be "open space" that met his property at grade — a "massive" new structure "imposing" on his property.[5] In an affidavit he submitted as part of the summary judgment record, O'Connell raised similar concerns about the new structure "looming over our garden."[6]

With the defendants having·challenged the O'Connells' stand-

---

[4]The prohibition on parking was to be enforced through the construction of "a bollard or similar device." The Vainisis challenged this requirement in separate litigation commenced in the Land Court. See Land Court Civil Action No. 09 Misc. 404954. The parties report that that litigation has been stayed pending the outcome of this appeal. The board's ruling also specifically required the Vainisis to remove an outdoor shower enclosure that they had constructed at the back of the patio. The Vainisis have not challenged that aspect of the board's decision.

[5]O'Connell also claimed a diminution of the value of his property, while acknowledging that he had not retained an expert or secured other means of trying to document such harm. He does not press this issue on appeal. In addition, although he raised water drainage issues at the deposition, the Vainisis addressed those issues prior to the summary judgment proceedings, and such concerns are no longer at issue.

[6]In the affidavit, O'Connell also averred that the retaining wall and fence

ing, the judge ruled that the O'Connells lost the benefit of the presumptive standing they enjoyed as abutters. He then concluded that the O'Connells had failed to marshal evidence demonstrating their standing, stating as follows:

> "They have failed to prove by a preponderance of the evidence that they suffered a cognizable injury. They have not established beyond speculation any diminution in the value of their property. The plaintiffs have failed to specify how any legally protected interest was damaged by the retaining wall."

Critical to the judge's reasoning was his characterization of the harm the O'Connells alleged as being solely a matter of "privacy and aesthetics."

*Discussion.* 1. *Standing.* "We review de novo the judge's decision granting summary judgment to [the defendants] on the issue of standing. Because a judge does not engage in fact finding when ruling on cross motions for summary judgment, we do not give deference to the judge's decision." *81 Spooner Rd., LLC* v. *Zoning Bd. of Appeals of Brookline*, 461 Mass. 692, 699 (2012) (citation omitted) (*81 Spooner*).[7] As direct abutters, the O'Connells enjoyed a presumption of standing, and the burden of producing evidence to rebut that presumption fell on the defendants. *Id.* at 700-701, citing G. L. c. 40A, § 11. Here, as in *81 Spooner*, the defendants' "strategy to rebut such presumption was not to present . . . affirmative evidence but, rather, to rely on [their] own legal arguments and on portions of the [plaintiffs'] deposition testimony."[8] *Id.* at 704. Although the plaintiffs' deposition testimony in *81 Spooner* focused mainly on aesthetic concerns and was "not versed in the terminology of zoning law," the Supreme Judicial Court concluded that it

greatly diminished his privacy. However, at one point in his deposition, he disavowed such privacy concerns. In any event, we do not rely on such concerns in this appeal.

[7] *81 Spooner* clarified the law of standing, especially as it applies to a summary judgment challenge to the standing of a direct abutter. The judge below did not have the benefit of this clarification, because *81 Spooner* was published approximately seven months after his summary judgment ruling.

[8] The Vainisis did make an affirmative showing that the drainage concerns raised by the O'Connells had been addressed. As noted, these concerns are no longer at issue. See note 5, *supra.*

nevertheless "clearly indicate[d] that one of their allegations of aggrievement was that construction of the house at 71 Spooner Road violated the density provisions of the zoning bylaw" (footnote omitted). *Ibid.* The same can be said here. Although many of the O'Connells' stated concerns can be characterized as aesthetic ones, they also plainly included concerns about the crowding that resulted from the construction of a "massive" new structure that "looms" over their yard.

Because the setback requirement serves to address concerns about crowding, the O'Connells have "identified a legally cognizable injury." *Ibid.*, citing *Sheppard* v. *Zoning Bd. of Appeal of Boston*, 74 Mass. App. Ct. 8, 11-12 (2009), *S.C.*, 81 Mass. App. Ct. 394 (2012). See *Dwyer* v. *Gallo*, 73 Mass. App. Ct. 292, 296 (2008).[9] The Vainisis' "mere reliance on [the plaintiffs'] deposition testimony did not constitute evidence 'warranting a finding contrary to the presumed fact' of aggrievement." *81 Spooner, supra* at 705, quoting from *Marinelli* v. *Board of Appeals of Stoughton*, 440 Mass. 255, 258 (2003). The Vainisis have not rebutted the O'Connells' presumed standing.

2. *Merits.* Although the judge concluded that the O'Connells lacked standing, he went on to comment on the merits. Specifically, he stated his view that, under the relevant by-law, a retaining wall could not lawfully be constructed in a setback area. Therefore, the judge concluded that "[i]f the plaintiffs had standing the decision of the [board] with respect to this retaining wall would be vacated and the case remanded to the [board] for findings consistent therewith." The O'Connells request that we do just that.

Under the circumstances of this case, we disagree with this suggested course of action. Pursuant to the plain language of the by-law, it is indisputable that "structure[s]" are generally prohibited in setback areas and that the retaining wall is a "[s]tructure" (something that would also be true of any "fence"). However, the operative question is whether — under the express exception to the general prohibition — the particular "structure"

___

[9]As we said in *Sheppard*, 74 Mass. App. Ct. at 11 n.7, "a person whose property is in a district that is already more dense and overcrowded than applicable regulations would allow suffers additional injury when [the municipal board's actions] allow her to be further boxed in."

at issue here qualifies as a "perimeter wall, fence, or similar enclosure." Relying in part on his understanding that perimeter walls are widely used as retaining walls throughout the town, the building inspector explained why he concluded that the Vainisis' wall qualified for the exemption. The board did not reject or accept this analysis, but instead declined to resolve the issue.[10] As a result, even though the by-law is subject to more than one interpretation, we do not know on this record how the board ultimately interpreted it.

In the first instance, it is up to the board to give meaning to the zoning by-law it administers, with reviewing courts giving deference to the board's interpretation so long as it is reasonable. See, e.g., *Glidden* v. *Zoning Bd. of Appeals of Nantucket*, 77 Mass. App. Ct. 403, 405-406 (2010). For the board and courts to be able to perform their respective roles regarding how the by-law should be interpreted, the board must state its position. We therefore vacate the judgment dismissing the complaint, and a new judgment shall enter remanding the matter to the board for reconsideration of its decision and for a fuller explanation of its ruling.[11]

*So ordered.*

---

[10]As noted, it is unclear whether the board concluded that the wall (as modified by the board's decision) met the relevant exemption, or whether the board instead was allowing the wall to stand as a matter of purported enforcement discretion.

[11]By requiring that the fence be removed while the retaining wall and patio were allowed to remain, the board's ruling meant that — at two edges of the patio — there would be a sheer, six-foot drop to the land below. The board recognized that this implicated safety concerns, but it did not state how such concerns would be resolved. Nor did it address the potential import of the relevant provisions of the State building code. See 780 Code Mass. Regs. § 5101.1 (2011) (adopting and incorporating by reference the International Residential Code for One- and Two-Family Dwellings [2009]); International Residential Code for One- and Two-Family Dwellings § R312 (5th ed. 2009) (requiring guards along open-sided walking surfaces located more than a certain height above grade). The board may wish to consider such issues on remand.