The plaintiff, acting pro se, appeals from a Land Court judgment dismissing, for lack of standing, his complaint for judicial review of a decision of the Lexington board of appeals (board) pursuant to G. L. c. 40A, § 17. We affirm.
Background. This case involves a dispute between property owners on Byron Avenue, a residential street in Lexington (town). Byron Avenue is a double dead end street with six single-family homes and no through traffic. The relevant properties, 11 Byron Avenue and 21 Byron Avenue, are located at opposite ends of the street and are separated by three other homes. Vehicles going to 21 Byron Avenue turn left from Lockwood Avenue. Vehicles going to 11 Byron Avenue turn right.
The defendant developer, 11 Byron, LLC (developer), obtained building permits from the town to demolish an existing single-family residence at 11 Byron Avenue and build a larger one.[3] Access to the existing building was on Maple Street, but the developer proposed having the driveway for the new building exit onto Byron Avenue. The plaintiff, Christopher Neurath, the owner of 21 Byron Avenue, objected to the issuance of the building permits before the defendant board and, subsequently, appealed the board's affirmance of those permits to the Land Court pursuant to G. L. c. 40A, § 17.
The Land Court judge rejected the plaintiff's assertion that the new residence would increase traffic on Byron Avenue in a way that impacted the plaintiff's property. He reasoned that "[i]t is completely speculative to assume, as [the plaintiff] does, that the addition of one single-family home, on the opposite end of the dead end street that has hardly any traffic, will have any material traffic-based impact on the [plaintiff's] property." As to the plaintiff's concerns regarding aesthetics and density, the judge concluded that the plaintiff's claims failed because they were supported only by the plaintiff's personal opinion, which was insufficient to confer standing. The plaintiff challenges these conclusions on appeal.
Discussion. We review the dismissal of the plaintiff's complaint de novo. 311 West Broadway LLC v. Board of Appeal of Boston, 90 Mass. App. Ct. 68, 73 (2016). "Under the Zoning Act, G. L. c. 40A, only a 'person aggrieved' has standing to challenge a decision of a zoning board of appeals." 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700 (2012). To be aggrieved, the plaintiff "must assert a plausible claim of a definite violation of a private right, a private property interest, or a private legal interest." Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 120 (2011) (quotation omitted).
"Parties of interest" are entitled to a rebuttable presumption that they are aggrieved. 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, supra. Parties of interest include "abutters, owners of land directly opposite on any public or private street or way, and abutters to the abutters within three hundred feet of the property line of the petitioner...." G. L. c. 40A, § 11, as amended by St. 1979, c. 117. Here, the plaintiff's property does not abut 11 Byron Avenue, is not directly opposite on any private or public way, and is not an abutter to an abutter. Accordingly, he does not qualify as a "party in interest" and, to establish standing, "must put forth credible evidence to substantiate his allegations." Butler v. Waltham, 63 Mass. App. Ct. 435, 441 (2005), quoting from Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996).
Evidence is credible only when it is both quantitatively and qualitatively sufficient. Butler v. Waltham, supra at 441-442.
"Quantitatively, the evidence must provide specific factual support for each of the claims of particularized injury the plaintiff has made. Qualitatively, the evidence must be of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board's action. Conjecture, personal opinion, and hypothesis are therefore insufficient."
Id. at 441 (citation omitted). Bearing in mind these principles, we conclude that the plaintiff's affidavit, the primary evidence offered in opposition to the defendants' motions to dismiss, was quantitatively and qualitatively insufficient.
First, we agree with the judge's assessment that the plaintiff's affidavit does not adequately assert "a harm specific to [his] property." Schiffenhaus v. Kline, 79 Mass. App. Ct. 600, 603 (2011). See Butler v. Waltham, supra at 440 ("[T]he plaintiff must show that the injury ... is special and different from the injury the action will cause the community at large"). For example, even assuming some increase in traffic on Byron Avenue from the addition of a larger home at one end of the street, the affidavit does not adequately explain how such an increase would adversely impact his property at the opposite end of the street.[4]
Second, we also agree that the statements in the affidavit regarding increased traffic and the aesthetics of the neighborhood are merely statements of the plaintiff's personal opinion. The plaintiff's assertion of "increased exposure to the lights, noise, and view of traffic on Maple Street from [his] home" lacks evidentiary support. Such speculative and unsupported personal opinion is not sufficient to establish aggrievement under G. L. c. 40A. Accordingly, we discern no error in the judgment of dismissal for lack of standing.
While we find the plaintiff's arguments unpersuasive, we do not think sanctions are warranted as we cannot say the appeal was frivolous or initiated in bad faith. See Avery v. Steele, 414 Mass. 450, 455 (1993). Accordingly, we decline to exercise our discretion to award attorney's fees and double costs. See Masterpiece Kitchen & Bath, Inc. v. Gordon, 425 Mass. 325, 330 (1997).
Judgment affirmed.

Before seeking a building permit, the developer obtained a certificate of appropriateness for the construction of the new residence from the town historic districts commission. The plaintiff appealed that decision to the Superior Court; a judge of that court dismissed the appeal for lack of standing.

We note that vehicles coming to and from 11 Byron Avenue do not pass by the plaintiff's property.