After the zoning board of appeals of Lunenburg (board) affirmed the town building inspector's decision to deny the plaintiffs a building permit, the plaintiffs sought review in Superior Court pursuant to G. L. c. 40A, § 17. The judge ordered summary judgment for the board, reasoning that the doctrine of infectious invalidity precluded the plaintiffs from obtaining the building permit. On appeal, the plaintiffs claim that the judge erred because they had cured any infectious invalidity prior to the permit application. We affirm.
Background. We summarize the material facts in the light most favorable to the plaintiffs. See Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991). On March 12, 2004, the plaintiffs purchased real property at 27 Oak Avenue in the town of Lunenburg (27 Oak). At the time of purchase, the plaintiffs owned an adjacent parcel, 31 Turkey Hill Road (31 Turkey Hill). Both parcels had been improved by single-family homes. While 31 Turkey Hill complied with the Lunenburg zoning by-law in all respects, 27 Oak did not. The width of the 27 Oak lot was 140 feet, thirty-five feet less than required. However, 27 Oak predated the relevant zoning by-law and therefore qualified as a preexisting nonconforming lot. See G. L. c. 40A, § 6.
The plaintiffs sought to create a third buildable lot (new lot) using land from both 27 Oak and 31 Turkey Hill. To this end, they deeded a five foot wide, 260 foot long strip (spur) from 27 Oak to 31 Turkey Hill, and installed a sewer line along the spur to connect to the municipal sewer system. This transfer further reduced the width of 27 Oak from 140 feet to 135 feet. The plaintiffs filed an approval not required plan (ANR plan) with the town, and subsequently sold 27 Oak.
In 2008, the plaintiffs applied for a permit to build a single-family home on the new lot. In a decision affirmed by this court in Cronin v. Zoning Bd. of Appeals of Lunenburg, 79 Mass. App. Ct. 1112 (2011) (Cronin I ), the application was denied because the transfer of the spur from 27 Oak to the new parcel caused 27 Oak to lose its status as a lawful preexisting nonconforming lot. "Under the common-law principle of 'infectious invalidity,' a property owner may not create a valid building lot by dividing it from another parcel rendered nonconforming by such division." 81 Spooner Road, LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 694 n.6 (2012). Accordingly, the doctrine of infectious invalidity rendered the new lot unbuildable, as its formation created a zoning violation at 27 Oak.
Prompted by a footnote in Cronin I,[4] the plaintiffs transferred the spur to the new owners of 27 Oak in exchange for an easement over the land and its sewer connection infrastructure. They then recorded another ANR plan and reapplied for a permit to build on the new lot. Their application was again denied based on the doctrine of infectious invalidity. A Superior Court judge affirmed the board's decision and this appeal followed.
Discussion. We review the summary judgment record de novo, see Federal Natl. Mort. Assn. v. Hendricks, 463 Mass. 635, 637 (2012), to determine "whether, viewing the evidence in the light most favorable to the nonmoving party, all material facts have been established and the moving party is entitled to a judgment as a matter of law." Augat, Inc., supra. In this context, we "determine[ ] whether the board has applied th[e appropriate legal] standards in an unreasonable, whimsical, capricious or arbitrary manner." Shirley Wayside Ltd. Partnership v. Board of Appeals of Shirley, 461 Mass. 469, 475 (2012) (quotation omitted).
Here, the question is whether the board could have reasonably decided that, notwithstanding the transfer of the spur back to 27 Oak, the doctrine of infectious invalidity still applied.[5] The judge summarized the board's decision as follows:
"[The board found 27 Oak] in violation of a Lunenburg ... Zoning Bylaw, Section 5.[1.]6.1, 'Reduction of an occupied lot.' As such, zoning infractions exist as a result of [the new lot] and have not been cured and as such, based on the doctrine of infectious invalidity, ... the [board] denied the building permit."
Section 5.1.6.1 of the town's by-law states that "no lot on which a building is located ... shall be reduced or changed in size or shape so that the ... lot fails to comply with lot area, width, setback or yard provisions of this Bylaw, or, if such ... lot already fails to comply with said provisions, such reduction or change would bring about a greater degree of non-compliance." We discern nothing arbitrary or unreasonable in the board's determination that the use of the spur to create a new lot rendered 27 Oak more noncompliant with Lunenburg's zoning regulations. This determination was not "whimsical" or "capricious." Shirley Wayside Ltd. Partnership, supra. Rather, it was the board's "reasonable interpretation of its own zoning bylaw," and was entitled to deference. Ibid.
27 Oak lost its lawful preexisting nonconforming status when the spur was first conveyed. See Cronin I, supra. The reconveyance of the spur back to 27 Oak did not revive the lot's preexisting nonconforming status.[6] See Carabetta v. Board of Appeals of Truro, 73 Mass. App. Ct. 266, 271 (2008) (lots may not be reconfigured "so as to restore old record boundaries to obtain a grandfather nonconforming exemption"). Therefore, at the time of the second building permit application, 27 Oak's lot width-a dimension including the width of the spur-violated the town's zoning by-law. The board could reasonably have concluded that increased use of this nonconforming portion of 27 Oak solely to support the creation of a new lot was a change to 27 Oak that aggravated its nonconformity, in violation of section 5.1.6.1 of the town's by-law.[7] This increased invalidity "infected" the new lot and rendered it nonconforming as well. We therefore conclude that the board reasonably applied the doctrine of infectious invalidity to affirm the building inspector's denial of a permit. See 81 Spooner Road, LLC, 461 Mass. at 694 n.6.
Judgment affirmed.

In relevant part, the footnote stated, "[i]f the plaintiffs were to deed the spur back to the owners of [27 Oak] in exchange for an easement over the same strip of land, then [27 Oak's] width nonconformity would regain its protected status." Cronin I, supra at n.9.

Our review is complicated by the absence of the summary judgment record. The parties have supplied only the judge's memorandum of decision. However, as neither party disputes the facts or the judge's characterization of the reason for the board's decision, we decide the issue on the record before us.

We do not fault the plaintiffs for pursuing the remedy suggested by footnote nine in Cronin I. We agree with the judge, however, that the footnote is dictum unsupported by any authority for the proposition that, in these circumstances, 27 Oak could regain its protected status via reconveyance.

"[A] local board of appeals brings to the matter an intimate understanding of the immediate circumstances, of local conditions, and of the background and purposes of the entire bylaw." Berkshire Power Dev., Inc. v. Zoning Bd. of Appeals of Agawam, 43 Mass. App. Ct. 828, 832 (1997) (quotation omitted). Accordingly, "deference is owed to a local zoning board's home grown knowledge about the history and purpose of its town's zoning by-law." Deadrick v. Zoning Bd. of Appeals of Chatham, 85 Mass. App. Ct. 539, 545 (2014) (quotation omitted).