NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12321

COMMONWEALTH  vs.  EDWIN PADUA.


March 2, 2018.


Practice, Criminal, Sentence.  Moot Question.


In 2000, Edwin Padua pleaded guilty to two counts of threatening to commit a crime, and the charges were placed on file at that time.  In 2014, in connection with proceedings on a subsequent probation violation, a judge in the District Court brought the filed charges forward and sentenced Padua on them. In an unpublished memorandum and order, the Appeals Court determined that the charges had been properly placed on file and then brought forward, but remanded the matter to give the sentencing judge an opportunity to explain the basis for the sentences he imposed.  After the judge responded, the Appeals Court issued an unpublished decision affirming the convictions on the filed charges but vacating the sentences and remanding for resentencing due to certain doubts it had concerning their propriety.  Commonwealth v. Padua, 90 Mass. App. Ct. 1123 (2016).  We allowed Padua's application for further appellate review.

The sole issue before us is the proper disposition of the appeal where the Appeals Court determined that the charges were properly placed on file and then brought forward for sentencing, but remained in doubt as to the propriety of the sentences themselves.[1]  We reject Padua's suggestion that it was improper

_____

[1] Our order granting further appellate review did not expressly limit the scope of review, but this is the only issue that Padua presses in this court.  See Moronta v. Nationstar Mortgage, LLC, 476 Mass. 1013, 1014 n.2 (2016); 81 Spooner Rd.,

to vacate the sentences without simultaneously vacating the convictions. It is well established that an appellate court may do so where it concludes that the defendant was properly found guilty of an offense, but that the sentence was improper in some respect. See, e.g., Commonwealth v. Penn, 472 Mass. 610, 628-629 (2015) (remanding for resentencing after invalidation of life sentence without possibility of parole for juvenile convicted of murder in first degree); Commonwealth v. Williams, 456 Mass. 857, 875 (2010) (remanding for resentencing where sentences exceeded statutory maximum); Commonwealth v. Pillai, 445 Mass. 175, 194 (2005) (remanding for resentencing after invalidation of term of lifetime community parole supervision). Although, as we shall explain, remanding for resentencing was improper in this case, it is a valid disposition as a general matter. Nothing in Commonwealth v. Simmons, 448 Mass. 687 (2007), is to the contrary: the fact that "a judgment of conviction does not enter unless sentence is imposed," id. at 688 n.2, in no way requires an appellate court to vacate a fair and just conviction merely because the sentence is incorrect.

Even though an appellate court generally may remand a case for resentencing while affirming the underlying conviction, it was nevertheless improper to do so in the particular circumstances of this case. While the case was pending in the Appeals Court, Padua finished serving his sentences, rendering moot any error therein. This would not warrant dismissing the appeal entirely, as Padua continued to have an interest in obtaining relief from the convictions themselves. However, once the convictions were affirmed, no purpose could be served by remanding the matter for resentencing, because no effective relief could be granted to Padua. See Commonwealth v. Mattier (No. 2), 474 Mass. 261, 277 (2016) (vacating one of three convictions, but not remanding remainder for resentencing "where [defendant's] sentence is unlikely to be affected by our decision"). Accordingly, the proper disposition of this case is simply to affirm the judgments of the District Court, without remand for resentencing.[2]

---

LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 693 n.3 (2012).

[2] We express no view as to whether the sentences imposed by the judge were improper in any respect, or as to whether the Appeals Court was right to doubt their propriety. We simply conclude that where the sentences were fully served, resentencing could have no practical effect on Padua.

<u>Judgments affirmed</u>.


<u>Max Bauer</u> (<u>Joshua D. Werner</u> also present) for the defendant.
<u>David B. Mark</u>, Assistant District Attorney, for the Commonwealth.