NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-816

VON HILLEREN DONOVAN, LLC,[1] & another[2]

vs.

BOARD OF APPEAL OF BOSTON & others.[3]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Plaintiff Von Hilleren Donovan LLC (VHD) appeals from a judgment of the Superior Court dismissing for lack of standing its zoning appeal pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974). Although the traffic and parking concerns raised by VHD are within the interests protected by the conditional use permit ordinance at issue here, we agree with the motion judge that VHD failed to present credible evidence to

_____

[1] As is our usual practice, we take the spelling of the parties' names as they appear in the complaint. See Fish v. Accidental Auto Body, Inc., 95 Mass. App. Ct. 355, 355 n.1 (2019). We note that the subject street is Von Hillern Street.

[2] First Electronics Corp. First Electronics Corp. voluntarily dismissed its claims early in the litigation.

[3] Dennis Kulesza and CNA Stores, Inc.

substantiate its claims of aggrievement.  Accordingly, we affirm the allowance of the motion to dismiss.

1.  Standard of review.  "When the factual inquiry focuses on standing, . . . a plaintiff is not required to prove by a preponderance of the evidence that his or her claims of particularized or specialized injury are true.  'Rather, the plaintiff must put forth credible evidence to substantiate his allegations.'"  Butler v. Waltham, 63 Mass. App. Ct. 435, 441 (2005), quoting Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996).  When a complaint in a zoning case has been dismissed for lack of standing under Mass. R. Civ. P. 12 (b) (1), we review the judge's finding that the plaintiff failed to offer credible evidence to substantiate its claim of standing for clear error.  See Sweenie v. A.L. Prime Energy Consultants, 451 Mass. 539, 545-546 (2008).

2.  Standing.  "Section 11 of the enabling act confers standing on '[a]ny person aggrieved by a decision' of the board of appeal."  Epstein v. Board of Appeal of Boston, 77 Mass. App. Ct. 752, 756 (2010).  "This language is identical to that in G. L. c. 40A, § 17, and is subject to the same interpretation."  Porter v. Board of Appeal of Boston, 99 Mass. App. Ct. 240, 241 (2021).  "Abutters are entitled to a rebuttable presumption that they are 'aggrieved' persons under the Zoning Act and,

2

therefore, have standing." 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700 (2012). A defendant can rebut the presumption by showing that an abutter's claimed harms "are not interests that the Zoning Act is intended to protect." Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 573 (2016), quoting 81 Spooner Rd., LLC, supra at 702. Alternately, a defendant can rebut standing "by coming forward with credible affirmative evidence . . . [that] 'warrant[s] a finding contrary to the presumed fact' of aggrievement." Picard, supra, quoting 81 Spooner Rd., LLC, supra. If the presumption is rebutted, "the plaintiff must prove standing by putting forth credible evidence to substantiate the allegations," doing so "'by direct facts and not by speculative personal opinion.'" 81 Spooner Rd., LLC, 461 Mass. at 701, quoting Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33 (2006).

Here, the Board of Appeal of Boston (board) granted a conditional use permit to defendants CNA Stores, Inc. and Dennis Kulesza to build and operate a marijuana dispensary at 70 Von Hillern Street. To do so, the board had to find (and did find), among other things, that "the specific site is an appropriate location for such use" and that "the use will not adversely affect the neighborhood." Boston Zoning Code, art. 6, § 6-3(a)-

3

(b).  See <u>Lee</u> v. <u>Cai</u>, 102 Mass. App. Ct. 491, 498-499 (2023).

VHD's claims of increased traffic and decreased parking are

squarely within these protected interests, as excessive traffic

and the unavailability of parking would adversely affect the

neighborhood and make the site inappropriate.  As the Supreme

Judicial Court has recognized, traffic and parking availability

are "typical zoning concerns."  <u>Picard</u>, 474 Mass. at 574.  The

requirements of an appropriate site and no adverse effect on the

neighborhood are nothing like dimensional lot width

requirements, which do not concern traffic or parking.  See

<u>Murchison</u> v. <u>Zoning Bd. of Appeals of Sherborn</u>, 485 Mass. 209,

214 (2020).

Furthermore, we reject the dispensary's assertion that the

zoning code's conditional use permit article does not concern

itself with parking because the code contains separate minimum

off-street parking requirements.  Important concerns can be

addressed by multiple parts of the zoning code; nothing in our

law mandates that each concern be addressed by only one zoning

requirement.  Indeed, the board here expressly considered

traffic and parking in deciding to issue the conditional use

permit.  See <u>Marashlian</u>, 421 Mass. at 722 ("The plaintiffs claim

to fear increased traffic and decreased parking availability due

4

to the defendants' development of the lot.  Such concerns are legitimately within the scope of the zoning laws").

Moving on to the next step of the standing analysis, we agree with the motion judge that the dispensary submitted credible evidence to rebut VHD's presumptive standing.  The Bayside Engineering report, prepared by Kenneth Cram, a professional traffic engineer, and based on the Institute of Transportation Engineers Trip Generation Manual, calculated that the proposed dispensary would generate 422 vehicle trips per day.  As calculated, at the busiest times there would be an additional car once every six minutes on Von Hillern Street.  The report opined that the road width, current traffic, and parking spaces are suitable to handle the added driving without issue.  Further addressing parking, the report stated that, in addition to the added spaces that the dispensary will create, there are sufficiently available on street parking spaces to the north of Locust Street.[4]  Because the dispensary adequately rebutted VHD's claims aggrievement, the burden shifted to VHD to present credible evidence to substantiate its claims.  See 81 Spooner Rd., LLC, 461 Mass. at 701.

_____

[4] The report states that on street parking to the south of Locust Street is used more frequently, but VHD does not own the buildings where these spaces are located.

VHD failed to meet this burden.  VHD presented affidavits from Gregg Donovan, its owner, and Paul Tyrell, a registered professional engineer.  Donovan stated that "[t]he traffic patterns will be disturbed by the addition of a retail cannabis establishment."  Donovan, however, did not explain how the traffic pattern will change, the extent of the change, or why he believes a change will occur.  "Conjecture, personal opinion, and hypothesis are . . . insufficient."  Butler, 63 Mass. App. Ct. at 441.

Tyrell opined that, "[i]f constructed, the Project will cause adverse impacts to traffic conditions in the area of the Property including significantly more congested areas on Von Hillern Street and Locust Street."  Tyrell also stated "[a]ll street parking is found to be fully utilized by the current business and there would be no available parking for retail customers in this vicinity."  As with Donovan, Tyrell provided no analysis or explanation for his claims.  Because these affidavits offer conclusory statements without explanation, they fail to adequately demonstrate harm.  Cohen v. Zoning Board of Appeals of Plymouth, 35 Mass. App. Ct. 619, 623 (1993) ("general and conclusory allegations of the affidavit cannot be

6

transformed by inference into genuine triable issues").[5]
Accordingly, VHD failed to produce credible evidence to substantiate its standing, and the judge properly granted the dispensary's motion to dismiss.

Judgment affirmed.

By the Court (Desmond, Ditkoff & Englander, JJ.[6]),

*Paul Little*

Clerk

Entered:  May 30, 2025.

---

[5] Similarly unhelpful are Tyrell's suggestions that Bayside Engineering's estimate of the percentage of the dispensary's customers that would arrive on foot is optimistic.  The Bayside Engineering report calculated that Von Hillern Street was sufficiently equipped, for both traffic and parking, even if all of the dispensary's customers arrived by motor vehicle.

[6] The panelists are listed in order of seniority.

7