NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-11991


 MAURICE PICARD, personal representative,[1] vs.  ZONING BOARD OF
            APPEALS OF WESTMINSTER & another.[2]



        Worcester.     February 9, 2016. - June 17, 2016.

    Present:  Gants, C.J., Spina, Cordy, Botsford, Duffly, Lenk,
                      & Hines, JJ.



Zoning, Person aggrieved.  Practice, Civil, Standing.  Easement.
     Real Property, Easement, Beach.  Beach.



     Civil action commenced in the Superior Court Department on
August 23, 2011.

     The case was heard by Robert B. Gordon, J.

     After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.


     Thomas M. Bovenzi for 3333, Inc.
     Peter A. CampoBasso for the plaintiff.


     CORDY, J.  Is a claimed injury to a private easement right

sufficient to confer standing to challenge a zoning

_____

     [1] Of the estate of Colleen N. Picard.

     [2] 3333, Inc.

determination made by a zoning board of appeals?  In the circumstances of this case, we conclude that it is not.  Maurice Picard, as the personal representative of his wife's estate, commenced this action in the Superior Court after the zoning board of appeals of Westminster (zoning board) upheld the building commissioner's determination that property abutting his, owned by the defendant, 3333, Inc., enjoyed grandfathered status under the Westminster zoning by-law.  After a bench trial, a judge in the Superior Court dismissed Picard's complaint for lack of standing.  The Appeals Court, in an unpublished decision pursuant to its rule 1:28, reversed the judgment as to standing and concluded that the property in question did not enjoy grandfathered status under the Westminster zoning by-law.  Picard v. Zoning Bd. of Appeals of Westminster, 87 Mass. App. Ct. 1125 (2015).  We granted further appellate review, limited to the standing issue.  We affirm the judgment of the Superior Court.

Background.  The trial judge found the following facts, which we occasionally supplement with undisputed facts from the record.  See Wendy's Old Fashioned Hamburgers of N.Y., Inc. v. Board of Appeal of Billerica, 454 Mass. 374, 383 (2009) (on appellate review, judge's factual findings will not be set aside unless clearly erroneous or unless there is no evidence to support them).  Picard is the owner and occupant of certain

property on Laurie Lane in Westminster (town).  Picard's property is identified as lots 34 and 43 on a plan referred to by the judge as the "Laurie Lane Plan."  The deed that conveyed the property to Picard's late spouse also contained within it "the right to use in common with others a certain area located on Laurie Lane and designated as beach areas [sic] on [the Laurie Lane Plan]."  The judge specifically found that the right to use the "beach areas" was intended to afford residents of the neighborhood passage to Wyman Pond.[3]

3333, Inc., owns the parcel of land identified on the Laurie Lane Plan as the "beach area" (locus).[4]  The locus has 32,500 square feet of area and 101.51 feet of frontage on Laurie Lane.  Under the Westminster zoning by-law, which was adopted in 1974 and amended in 1978, the minimum buildable area is 50,000 feet and the minimum frontage is 150 feet.  The locus is heavily wooded[5] and slopes downhill from the road about twenty-five feet to the water but provides the intended access to Wyman Pond.  Picard's property abuts the locus across Laurie Lane, but Picard

---

[3] We note, however, that the right to use the designated area is not expressly limited to access to the pond.  Moreover, the plan itself suggests that the "beach area" is the entire locus, not merely a portion of it close to the pond.

[4] The parties do not dispute that the "beach area" identified on the plan and the "beach areas" mentioned in the deed are one and the same.

[5] There was unchallenged testimony that a person could walk on only about ten per cent of the locus due to the heavy woods.

is unable to view the beach from his house.  In connection with the right of access granted in his deed, Picard and his family have occasionally used the locus for purposes such as picnicking, ice skating, and boating.

Peter Normandin, the president of 3333, Inc., plans to build a residence on the locus.  At trial, he testified that he did not wish to impair access to the pond and that he planned to clear some of the land and move the beach to a different location on the locus.  This location would provide a larger beach and afford better access to Wyman Pond.  The trial judge credited this testimony.

In order to construct the residence, Normandin applied for a building permit.  The town building commissioner determined that the locus had grandfathered status as a nonconforming lot under G. L. c. 40A, § 6.[6]  Picard's decedent applied for a hearing before the zoning board.  The zoning board held a public hearing, after which it upheld the building commissioner's determination.[7]  This action for judicial review pursuant to

---

[6] It appears that the building commissioner did not in fact issue a building permit, but only determined that one could issue consistent with the zoning by-law.

[7] Two of the three members of the zoning board of appeals of Westminster voted to overturn the building commissioner's determination.  This was insufficient because G. L. c. 40A, § 15, requires "[t]he concurring vote of all members of the board of appeals consisting of three members . . . to reverse any order or decision of any administrative official under this

G. L. c. 40A, § 17, ensued. The trial judge determined that Picard had not demonstrated that the construction proposed by 3333, Inc., would cause him any injury within the scope of concern of the Zoning Act and that he therefore lacked standing.[8]

Discussion. The fundamental legal principles governing the jurisdictional requirement of standing in zoning appeals are well established:

> "Under the Zoning Act, G. L. c. 40A, only a 'person aggrieved' has standing to challenge a decision of a zoning board of appeals. G. L. c. 40A, § 17. See Barvenik v. Aldermen of Newton, 33 Mass. App. Ct. 129, 131 (1992) (status as 'person aggrieved' is jurisdictional prerequisite to maintaining action under G. L. c. 40A, § 17). See generally M. Bobrowski, Massachusetts Land Use and Planning Law § 11.03[A], at 343-353 (3d ed. 2011). A 'person aggrieved' is one who 'suffers some infringement of his legal rights.' [Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996)], citing Circle Lounge & Grille, Inc. v. Board of Appeal of Boston, 324 Mass. 427, 430 (1949). Of particular importance, the right or interest asserted by a plaintiff claiming aggrievement must be one that the Zoning Act is intended to protect, either explicitly or implicitly. See Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 120 (2011) . . . ; [Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 27-28 (2006)]. . . . . We do not define aggrievement narrowly, see Marashlian, supra, but we have stated that '[a]ggrievement requires a showing of more than minimal or slightly appreciable harm.' Kenner, supra at 121, and cases cited." (Footnote omitted.)

---

chapter."

[8] Despite ruling that Picard lacked standing, the trial judge went on to consider the merits of his claim that the locus was not entitled to grandfathered status under G. L. c. 40A, § 6, apparently to obviate the need for a new trial should the standing determination be reversed on appeal. Due to our disposition of the standing issue, we need not reach the merits.

81 Spooner Road, LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 700 (2012). "The adverse effect on a plaintiff must be substantial enough to constitute actual aggrievement such that there can be no question that the plaintiff should be afforded the opportunity to seek a remedy. . . . Put slightly differently, the analysis is whether the plaintiffs have put forth credible evidence to show that they will be injured or harmed by proposed changes to an abutting property, not whether they simply will be 'impacted' by such changes." Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 122 (2011).

A plaintiff who is an abutter to the property in question enjoys a presumption that he or she is a "person aggrieved." 81 Spooner Road, LLC, 461 Mass. at 700. The defendant, however, can rebut the presumption "by showing that, as a matter of law, the claims of aggrievement raised by an abutter, either in the complaint or during discovery, are not interests that the Zoning Act is intended to protect." Id. at 702. Alternatively, the defendant can rebut the presumption "by coming forward with credible affirmative evidence that refutes the presumption," that is, evidence that "'warrant[s] a finding contrary to the presumed fact' of aggrievement," or by showing that the plaintiff has no reasonable expectation of proving a cognizable harm. Id., quoting Marinelli v. Board of Appeals of Stoughton, 440 Mass. 255, 258 (2003). Once the presumption is rebutted,

the plaintiff "must prove standing by putting forth credible evidence to substantiate the allegations." 81 Spooner Road, LLC, supra at 701, and cases cited. The plaintiff must "establish -- by direct facts and not by speculative personal opinion -- that his injury is special and different from the concerns of the rest of the community" (citation omitted). Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33 (2006). "At that juncture, the jurisdictional issue of standing will be decided on the basis of all the evidence, with no benefit to the plaintiff from the presumption of aggrievement. . . . 'Standing essentially becomes a question of fact for the judge.'" 81 Spooner Road, LLC, supra, quoting Kenner, 459 Mass. at 119. "The judge's ultimate findings on this issue will not be overturned unless shown to be clearly erroneous." Kenner, supra.

The parties agree that Picard, as an abutter to the locus, is presumed to be a "person aggrieved." However, 3333, Inc., successfully rebutted this presumption by showing that Picard's claims of aggrievement are not within the interests protected by the applicable zoning scheme. "The primary purpose of zoning with reference to land use is the preservation in the public interest of certain neighborhoods against uses which are believed to be deleterious to such neighborhoods." Circle Lounge & Grille, Inc. v. Board of Appeal of Boston, 324 Mass.

427, 431 (1949).  Picard did not claim that constructing a residence on the locus would be deleterious in any respect related to typical zoning concerns, for example, density, traffic, parking availability, or noise.  Cf. Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 722 (1996); Bedford v. Trustees of Boston Univ., 25 Mass. App. Ct. 372, 377 (1988).  Nor did he claim standing based on any injury related to the merits of his zoning challenge, that is, the locus's status as a grandfathered nonconforming lot or its insufficient area or frontage.  Rather, Picard claimed that the proposed construction would interfere with his use of the locus for access to the pond.  The evidence showed that the deed conveying Picard's property to his decedent also conveyed the right to use the locus, in common with others, while title to the locus itself remained in another private party.  That is, the deed conveyed an easement in the locus.  See, e.g., Commercial Wharf East Condominium Ass'n v. Waterfront Parking Corp., 407 Mass. 123, 133 (1990) ("An easement is an interest in land which grants to one person the right to use or enjoy land owned by another").

Although the easement is not expressly limited to using the locus for any particular purpose, Picard testified that he did

in fact use the locus to access the pond for recreation.[9]  He
also testified to his belief that the proposed construction
would interfere with his access to the pond and that it would
lead to conflict between people living on the locus and people
trying to use the pond.  As the judge found, these injuries to
Picard's private easement rights are not within the scope of
concern of the Zoning Act.

Moreover, the judge found that Picard's concerns that the
construction would interfere with his access to the pond were
speculative and unsubstantiated.  The record supports this
finding.  Picard offered only his own opinion that a building
would block access to the pond.  This was unsupported by any
specific construction plans or other evidence, and the trial
judge permissibly regarded it as conjecture, personal opinion,
and hypothesis.  See, e.g., New England Canteen Serv. v. Ashley,
372 Mass. 671, 675 (1977) ("it is the trial judge who, by virtue
of his firsthand view of the presentation of evidence, is in the

---

[9] Picard points out that, under the terms of the deed, he
was entitled to use the entire locus, that is, that his right to
use the locus was not limited to accessing the pond.  We assume
that this is the case.  Nonetheless, it appears that Picard
actually used the locus only for pond access, as Picard did not
testify that he used it in any other way.  Some of the
activities identified by Picard clearly entailed use of the
pond, such as swimming, boating, and ice skating.  Picard also
testified that he and his family "occasionally had a picnic down
there."  The judge could reasonably infer that this referred to
the beach, which is downhill from the heavily wooded area of the
locus.

best position to judge the weight and credibility of the evidence").  In addition, Normandin testified, without contradiction, that he did not intend to interfere with access to the pond, but rather to improve access to it.  The judge was entitled to, and did, credit this testimony.  Thus, even if the claimed injury to Picard's access to the pond were within the scope of concern of the Zoning Act, Picard failed to demonstrate by credible evidence that he would suffer "more than minimal or slightly appreciable harm."  Kenner, 459 Mass. at 121.  On this record, the judge properly concluded that Picard was not a "person aggrieved" and that he lacked standing to bring this zoning challenge.[10]

The judgment of the Superior Court dismissing the plaintiff's complaint for lack of standing is affirmed.

So ordered.

---

[10] Although Picard lacks standing under the Zoning Act, nothing we say here deprives him of his right to pursue a remedy at common law for any actual harm to his easement rights.