NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-117

TONY RODRIGUES

vs.

ZONING BOARD OF APPEALS OF BROCKTON & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

A judge of the Land Court granted summary judgment, ruling that plaintiff Tony Rodrigues (plaintiff) lacked standing to challenge a decision of the Zoning Board of Appeals of Brockton (board) granting a variance to Robert Jordan (defendant), allowing him to operate a seafood packaging business.[2]  The plaintiff appeals, contending that there were genuine issues of material fact regarding the plaintiff's standing under G. L. c. 40A, § 17, and that the judge erred in allowing the defendant's motions for summary judgment.  We affirm.

---

[1] Robert Jordan.

[2] For simplicity, we refer to the members of the Zoning Board of Appeals of Brockton as "the board," and to private defendant Robert Jordan as "the defendant."

Background.  The defendant entered into an agreement to purchase the property at 555 Plain Street in Brockton (locus) so that he could relocate his seafood packaging business there. The plaintiff's property at 18 Cushing Road in Brockton lies within three hundred feet of the locus but does not abut it.

The locus is improved with a two-floor masonry structure and has a history of nonconforming uses.  Sections 27-4 and 27-5 of the Brockton zoning ordinance classify the locus as a single-family residential lot, which prohibits commercial or industrial uses.  Prior to the city's 1967 adoption of the zoning ordinance, the locus was used first as a commercial dry cleaner and later as an auto repair shop.  In 1984, the board granted a use variance allowing the locus to be used as a facility for the manufacture and sale of cabinets.  The locus has also been used as a church and subsequently as a plumbing warehouse -- its most recent use.

The defendant's seafood business purchases precut seafood in Boston, hand cuts and "re-portions" it at the business facility, packs it in small individual containers, and delivers those containers to local restaurants and farmers' markets in refrigerated pickup trucks and vans.  The business produces two pounds of fish waste daily and stores such waste in a small plastic barrel inside a walk-in cooler.  Twelve vehicles are

registered to the business -- nine refrigerated pickup trucks and vans and three cars. The business operates from 5 A.M. to 7 P.M. Monday through Saturday.[3] The employees keep the delivery vehicles overnight at their homes, arrive at the facility in a vehicle in the morning, and then leave between late morning and afternoon for deliveries.

The defendant intends to attach a walk-in cooler measuring twenty feet by forty feet to the rear of the existing structure on the locus. The walk-in cooler has a condenser that produces noise similar in volume to a residential air conditioner. With the addition of the walk-in cooler, the structure on the locus would be eighty to one hundred feet away from the rear lot line of the plaintiff's property.

On September 23, 2020, the board granted a variance to the defendant, permitting the business to operate on the locus. This variance included approval of the walk-in cooler addition. The plaintiff subsequently appealed to the Land Court, alleging harm based on noise, odor, density, and traffic produced by the seafood business. On September 2, 2021, the defendant moved for summary judgment, challenging the plaintiff's standing as a person aggrieved under G. L. c. 40A, § 17, to appeal the

_____

[3] The board's decision would limit future operations to 5 P.M. on weekdays and 3 P.M. on Saturdays.

3

decision of the board. On June 21, 2022, the judge granted partial summary judgment, ruling that the plaintiff failed to establish standing for harm based on noise, odor, or density. This order left the issue of traffic open, and the judge invited the parties to solicit expert opinions on the issue. Following the judge's suggestion, the defendant renewed his motion for summary judgment, supported by an expert report prepared by a traffic engineer. In opposition, the plaintiff retained an expert who offered a competing opinion. On September 28, 2023, the judge granted the defendant's renewed motion after holding a hearing and finding that the plaintiff failed to establish standing on the traffic issue. The plaintiff appealed.

Discussion. We review de novo the judge's decision granting summary judgment to the defendant based on the plaintiff's lack of standing. 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 699 (2012).

"Only a 'person aggrieved' [has standing to] challenge a decision of a zoning board of appeals." Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 721 (1996), quoting G. L. c. 40A, § 17. A "person aggrieved" is one who "suffers some infringement of [their] legal rights." Marashlian, supra, citing Circle Lounge & Grille, Inc. v. Board of Appeal of Boston, 324 Mass. 427, 430 (1949). "Of particular

4

importance, the right or interest asserted by a plaintiff claiming aggrievement must be one that the Zoning Act is intended to protect, either explicitly or implicitly." 81 Spooner Rd., LLC, 461 Mass. at 700 (discussing G. L. c. 40A). "Aggrievement requires a showing of more than minimal or slightly appreciable harm." Kenner v. Zoning Bd. of Appeals of Chatham, 459 Mass. 115, 121, (2011).

"Abutters to the abutters within three hundred feet of the property line of the petitioner," are defined as "parties in interest" and entitled to notice of public hearings under G. L. c. 40A, § 11, and therefore possess a rebuttable presumption that they are "persons aggrieved" under G. L. c. 40A, § 17. See Marashlian, 421 Mass. at 721. A defendant can rebut the presumption by presenting "evidence that warrant[s] a finding contrary to the presumed fact of aggrievement, or by showing that the plaintiff has no reasonable expectation of proving a cognizable harm" (quotations omitted). Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 573 (2016), quoting 81 Spooner Rd., LLC, 461 Mass. at 702. "Once the presumption is rebutted, the plaintiff 'must prove standing by putting forth credible evidence to substantiate the allegations.'" Picard, supra, quoting 81 Spooner Rd., LLC, 461 Mass. at 701. A plaintiff's credible evidence must show "by direct facts and not

5

by speculative personal opinion -- that his injury is special and different from the concerns of the rest of the community." Standerwick v. Zoning Bd. of Appeals of Andover, 447 Mass. 20, 33 (2006), quoting Barvenik v. Aldermen of Newton, 33 Mass. App. Ct. 129, 132 (1992). "[T]he jurisdictional issue of standing will be decided on the basis of all the evidence, with no benefit to the plaintiff from the presumption of aggrievement." 81 Spooner Rd., LLC, supra.

Here, the plaintiff enjoyed a presumption of standing as an abutter to an abutter within three hundred feet from the locus. He raised four bases for standing: noise, odor, density and overcrowding, and traffic. Each basis falls within the interests that "the Zoning Act is intended to protect, either explicitly or implicitly." 81 Spooner Rd., LLC, 461 Mass. at 700. See Picard, 474 Mass. at 574 (density and overcrowding); Marashlian, 421 Mass. at 722 (traffic); Aiello v. Planning Bd. of Braintree, 91 Mass. App. Ct. 354, 366 (2017) (noise, odor). We analyze each basis for standing, evaluating whether the defendant successfully rebutted the plaintiff's presumption and, if so, whether the plaintiff offered credible evidence to substantiate his allegations.

1. Noise. The plaintiff claimed aggrievement based on noise from two sources: (1) the condenser used to operate the

6

planned walk-in cooler and (2) the commercial vehicles used in the defendant's business.

Regarding the condenser, the defendant attested that it is the same one used at his current facility and is no louder than a residential air conditioner. Furthermore, any danger of excessive noise was mitigated by the board's grant of the plaintiff's variance petition, which required that "[n]oise from any refrigeration shall be controlled so as not to be offensive to the neighborhood." Because the defendant's attestation and the board's requirement "'warrant[ed] a finding contrary to the presumed fact' of aggrievement," the defendant rebutted the plaintiff's presumption of standing on this issue. See Picard, 474 Mass. at 573, quoting 81 Spooner Rd., LLC, 461 Mass. at 702. The plaintiff did not put forth any credible evidence to substantiate his allegations of noise impact from the condenser.

Regarding the vehicles, the defendant attested that he and his employees turn off their vehicles on arrival. The typical workday ends by 1 P.M. when the employees have left to complete their deliveries or have gone home. Therefore, the defendant's business creates two brief periods of vehicular noise daily during his employees' arrival and departure. This uncontested evidence also sufficiently rebutted the plaintiff's presumption

7

of standing.  See Picard, 474 Mass. at 573, quoting 81 Spooner Rd., LLC, 461 Mass. at 702.

With his presumption of standing based on noise rebutted, the plaintiff offered unsupported assertions that he would be harmed by noise from the condenser and the commercial vehicles. These assertions represent the type of "speculative personal opinion" rejected in Standerwick, 447 Mass. at 33.  There was no error.

2.  Odor.  The plaintiff claimed aggrievement based on unpleasant fish odors produced by the defendant's business.

The defendant attested that his business produces less than two pounds of fish waste daily.  This waste is stored in the cooler until it is removed from the premises.  Additionally, the variance required the defendant to store all fish waste in the refrigerated cooler.  Because the defendant's attestation and the board's requirement "'warrant[ed] a finding contrary to the presumed fact' of aggrievement," the defendant rebutted the plaintiff's presumption of standing on this issue.  Picard, 474 Mass. at 573, quoting 81 Spooner Rd., LLC, 461 Mass. at 702.

Following the defendant's rebuttal, the plaintiff reiterated his assertion that he would suffer harm from the fish odor produced by the plaintiff's business.  Though it is reasonable to infer that raw fish generally emits an odor, that

fact alone is insufficient to establish "credible evidence to substantiate the allegations" that he would suffer an injury that "is special and different from the concerns of the rest of the community" (citations omitted). Picard, 474 Mass. at 573-574. As the judge noted in his findings, the plaintiff failed to provide sufficient credible evidence to create a genuine dispute of fact concerning whether he will experience any odor-based harm, let alone one that is more than de minimis. See Kenner, 459 Mass. at 124 (de minimis impacts not valid basis for standing). Therefore, the judge did not err in granting summary judgment on the plaintiff's claim of aggrievement from the odor produced by the defendant's proposed use of the locus.

3. Density and overcrowding. The plaintiff claimed aggrievement due to increased physical density and overcrowding caused by the addition of the walk-in cooler. In support of this argument, the plaintiff cited § 27-39 of the Brockton zoning ordinance, which prohibits expansions of nonconforming uses. The judge considered and rejected this interpretation. We discern no error in his thoughtful and reasoned analysis of the purpose of this zoning ordinance.

In a supplemental memorandum submitted after the first summary judgment hearing, the defendant contended that the limitations imposed by § 27-39 related only to constraining

nonconforming uses, not density and overcrowding.  See Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 214 (2020) (rejecting plaintiff's claim of standing based on violation of dimensional lot width zoning requirement because "there is nothing to demonstrate that the purpose of [the] dimensional lot width zoning requirement is to control density or overcrowding").  Because the defendant's legal argument "'warrant[ed] a finding contrary to the presumed fact' of aggrievement," the defendant rebutted the plaintiff's presumption of standing on this issue.  Picard, 474 Mass. at 573 (2016), quoting 81 Spooner Rd., LLC, 461 Mass. at 702.

Following the defendant's rebuttal, the plaintiff -- also in a posthearing supplemental memorandum -- reasserted his argument that the violation of § 27-39 underpinned his claim of standing for density and overcrowding harm.  The judge noted that the claimed injury "must be causally related to violation of zoning laws."  Murchison, 485 Mass. at 214.  Such causal nexus exists for violations of zoning laws that are clearly related to regulating density, such as setbacks, floor area ratios, and minimum lot sizes.  See Murchison, supra (setbacks); 81 Spooner Rd., LLC, 461 Mass. at 704 (floor area ratios); Dwyer v. Gallo, 73 Mass. App. Ct. 292, 297-298 (2008) (minimum lot sizes).  We agree with the judge's thoughtful conclusion that

10

§ 27-39 is "grounded in the intent to impose a quantifiable constraint on the proliferation of uses that do not conform with the area in which they are sited," and not on density and overcrowding.  See Murchison, supra.  Therefore, the judge did not err in granting summary judgment on the plaintiff's claim of aggrievement from density and overcrowding.

4.  Traffic.  The plaintiff also claimed aggrievement based on additional vehicle traffic on Plain Street generated by the defendant's business operation.

Prior to the hearing on the defendant's renewed motion for summary judgment, the defendant submitted a study prepared by a traffic expert that concluded that the proposed use of the locus would have a de minimis traffic impact.  The defendant's expert estimated that, compared to the prior uses of the locus, the defendant's business would generate less daily vehicle traffic and would have a de minimis effect on school bus and public transit operations.  Because the defendant's expert report "'warrant[ed] a finding contrary to the presumed fact' of aggrievement," the defendant rebutted the plaintiff's presumption of standing on this issue.  Picard, 474 Mass. at 573 (2016), quoting 81 Spooner Rd., LLC, 461 Mass. at 702.

In response, the plaintiff provided a competing expert opinion.  The plaintiff's expert questioned the methodology used

11

by the defendant's expert but failed to identify any adverse effect on traffic in the area.  In fact, the plaintiff conceded during the renewed summary judgment hearing that the report he submitted did not provide an affirmative opinion opposing the content presented in the defendant's report and agreed that nothing in the record demonstrated that the project would cause traffic to worsen.

On appeal, the plaintiff contends that his expert's methodological criticisms raised an issue of material fact regarding the reliability of the defendant's report under a Daubert-Lanigan analysis.  See Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 585-595 (1993); Commonwealth v. Lanigan, 419 Mass. 15, 25-26 (1994).  The defendant waived this argument when he consented to the judge's consideration of the plaintiff's report at the outset of the second summary judgment hearing. See Commonwealth v. Pasteur, 66 Mass. App. Ct. 812, 826 (2006), citing Commonwealth v. Sparks, 433 Mass. 654, 659 (2001) ("To preserve an objection to expert testimony pursuant to Lanigan, a defendant must file a pretrial motion and request a hearing on the subject").  Therefore, the judge did not err in granting

12

summary judgment on the plaintiff's claim of aggrievement from increased traffic.

Judgment affirmed.

By the Court (Vuono,
  Hershfang & Tan, JJ.[4]),

Clerk

Entered:  May 14, 2025.

---

[4] The panelists are listed in order of seniority.