NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1019

TROPICAL FAY'S - II, LLC, & another[1]

vs.

ZONING BOARD OF APPEAL OF BOSTON & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiffs, Tropical Fay's - II, LLC, and Tropical Foods International, Inc., appealed the grant of a variance by the Board of Appeal of Boston (board) to the defendants, Madison Trinity 2085 Development, LLC, with respect to the height and floor area ratio of a housing development in Boston.  A judge of the Land Court dismissed the plaintiffs' variance appeal, concluding that the plaintiffs lacked standing.  We affirm.

Discussion.  The facts of the underlying dispute and the decision of the Land Court judge are well known to the parties and will be repeated here only as necessary.

---

[1] Tropical Foods International, Inc.

[2] Madison Trinity 2085 Development, LLC.

"Section 11 of the [Boston zoning] enabling act confers standing on '[a]ny person aggrieved by a decision' of the board of appeal." Epstein v. Board of Appeal of Boston, 77 Mass. App. Ct. 752, 756 (2010). "[That] language is identical to that in G. L. c. 40A, § 17, and is subject to the same interpretation." Porter v. Board of Appeal of Boston, 99 Mass. App. Ct. 240, 241 (2021). "A plaintiff who is an abutter to the property in question enjoys a presumption that he or she is a 'person aggrieved.'" Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 573 (2016). "[T]he defendant can rebut the presumption by coming forward with credible affirmative evidence that refutes the presumption, that is, evidence that warrant[s] a finding contrary to the presumed fact of aggrievement, or by showing that the plaintiff has no reasonable expectation of proving a cognizable harm" (quotations and citations omitted). Id. Once the presumption is rebutted, "the plaintiff must prove standing by putting forth credible evidence to substantiate the allegations." 81 Spooner Rd., LCC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 701 (2012).

The burden of proof of standing always remains on the plaintiff, even when the burden of production shifts. See 81 Spooner Rd., 461 Mass. at 701. "The plaintiff must establish —- by direct facts and not by speculative personal opinion —- that his injury is special and different from the concerns of the

2

rest of the community" (citation and quotations omitted).

Picard, 474 Mass. at 573-574. See Wooton v. Crayton, 66 Mass.

App. Ct. 187, 190 n.6 (2006) (in motion where defendant makes

"supported, factual challenge to subject matter jurisdiction"

under Mass. R. Civ. P. 12 [b] [1], "the plaintiff bears the

burden of proving jurisdictional facts to support [their]

claims"). At this point, "[s]tanding essentially becomes a

question of fact for a judge," and the "judge's ultimate

findings on this issue will not be overturned unless shown to be

clearly erroneous." Kenner v. Zoning Bd. of Appeals of Chatham,

459 Mass. 115, 119 (2011).

Here, the judge determined that plaintiffs enjoyed a

presumption of standing as an abutter, which the defendant does

not dispute. See Murchison v. Zoning Bd. of Appeals of

Sherborn, 485 Mass. 209, 213 (2020) (abutters have presumptive

standing). The judge further determined that the defendants had

rebutted the presumption,[3] and that the plaintiffs lacked

standing, because "the plaintiffs have not produced evidence of

---

[3] The defendant produced sufficient evidence to rebut the presumption of standing through the affidavits of Kenan Bigby, the managing director of Trinity Financial, and Joshua McLinden, an assistant project manager at Madison Park Development Corporation. See Marinelli v. Board of Appeals of Stoughton, 440 Mass. 255, 258 (2003) ("To rebut a presumption of a plaintiff's standing as an aggrieved person, a defendant must offer evidence").

3

a particularized harm and have only articulated speculative allegations."

To establish standing, the plaintiffs produced an expert report[4] that sought to demonstrate the harms they alleged the variance would cause through overburdening their allocated parking spaces and increased traffic. The report explained that, because of the increased number of units in the defendant's housing development, there will be residents without an allocated parking spot who seek parking along the curbs and in the general area. Some of these residents, the report predicted, will park in the plaintiffs' allocated spots, "mak[ing] it more difficult for [the plaintiffs' customers] to find a free parking space" and "prompt[ing] some [customers] to take their business elsewhere."

The judge concluded that the plaintiff's contention that the variance will interfere with their allocated parking spaces was speculative. Regarding the increased traffic, the judge concluded that the plaintiffs, through their expert report, "have failed to put forth any credible evidence that any increase in traffic attributable to the project will cause them

---

[4] Marc Warner, the author of the report, holds a Ph.D. in transportation systems from the Massachusetts Institute of Technology, and has thirty years of experience as a consultant specializing in transportation economics, travel demand forecasting, and transportation policy.

any injury in the use of [their] property, such as a decrease in a level of service of a nearby intersection that will impede access to their site." Without this evidence, the judge determined, "general allegations of increased traffic are not cognizable to establish standing."

The plaintiffs argue that the judge's conclusion that the plaintiffs' parking aggrievement is speculative is clear error because it is inconsistent with the judge's finding that "the plaintiffs have provided expert opinion on the impact the project would have on the availability of parking." This argument is unpersuasive. The judge was not obligated to credit the conclusion of the plaintiff's expert report, which determined that an unspecified number of housing development residents would sometimes decide to park in the plaintiff's lot during times where the parking lot is already full, and, that this incursion would materially impact the plaintiffs. See Daniels v. Board of Registration in Med., 418 Mass. 380, 392 (1994) ("[t]he law should not, and does not, give the opinions of experts on either side of . . . [a]n issue the benefit of conclusiveness"). See also Butler v. Waltham, 63 Mass. App. Ct. 435, 441 (2005) ("Conjecture, personal opinion, and hypothesis are . . . insufficient" to establish standing). The plaintiffs' claim that the housing development's residents will infringe on their parking lot is indeed speculative given the proximity to

5

public transit and the housing development's plan to incentivize residents to utilize only resident-assigned parking spots or public street parking. See Harvard Sq. Defense Fund, Inc. v. Planning Bd. of Cambridge, 27 Mass. App. Ct. 491, 493-494 (1989) (parking problems "at best speculative" where project close to transit and "special conditions annexed to the permits in order to discourage the use of automobiles"). Any material impact to the plaintiffs is also speculative as the expert report demonstrated that for twenty hours of an average day, the plaintiff's parking lot is below fifty percent utilization, and that at no point is the lot utilized above seventy percent of its capacity.[5] Further, the plaintiffs maintain the right to tow unauthorized vehicles that are parked in their lot. See id. at 493-494 (parking aggrievement unsubstantiated in part where "plaintiffs have legal recourse if [unauthorized] vehicles park on their streets").

For similar reasons, the judge did not commit clear error in finding that the plaintiff's alleged injury as to traffic was speculative. There was no evidence, either from the plaintiffs'

---

[5] During oral argument, the plaintiffs claimed that grocery store attendance is cyclical, and that because the report's data was recorded during a low use month, the extent of the lot's use by store customers is higher than the report demonstrates. It was the plaintiffs' burden to demonstrate this to the Land Court, and there is no evidence in the record to support this claim.

expert report or elsewhere in the record, that a variance to allow an increase in housing development residents would result in a greater burden on the access to or egress from the plaintiffs' parking lot.[6]

Judgment affirmed.

By the Court (Ditkoff, Singh & Smyth, JJ.[7]),

*Paul Little*

Clerk

Entered:  July 29, 2025.

---

[6] Because we affirm the judge's motion to dismiss on the grounds that the plaintiffs have not demonstrated a sufficient particularized injury, we need not reach the question of whether the plaintiff's alleged injuries are cognizable under the Boston zoning enabling act, St. 1956, c. 665, § 11, as amended through St. 1993, c. 461, § 2.

[7] The panelists are listed in order of seniority.