NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-915

JOYCE MICHAELIDIS, trustee,[1]

vs.

BOARD OF APPEAL OF BOSTON & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Joyce Michaelidis, as trustee of the 3 Dana Avenue Realty Trust, brought a complaint in the Superior Court challenging a decision of the board of appeal of Boston (board) to grant two variances to HHC One Arnold LLC (HHC) for the proposed construction of a residential building and parking system (project) on a property neighboring the plaintiff's property.  HHC and the board (together, defendants) moved to dismiss the plaintiff's complaint pursuant to Mass. R. Civ. P. 12 (b) (1), 365 Mass. 754 (1974).  Finding that the plaintiff

_____

[1] Of the 3 Dana Avenue Realty Trust.

[2] HHC One Arnold LLC.

lacked standing, a Superior Court judge dismissed the complaint and entered judgment in favor of the defendants. We affirm.

Background. After purchasing the property at 7 Dana Avenue in Hyde Park, HHC proposed removal of the existing structure and development of a four-story, residential building containing twenty-seven units. The proposed structure includes a below-grade parking system with twenty-six stacked parking spaces and two additional on-grade handicap parking spaces. The parking system, which uses new technology that includes semi-automatic parking and the ability to stack vehicles, required HHC to apply for two variances related to the system's loading dock and vehicular maneuverability. See Boston zoning code, art. 69, §§ 29, 29.5. The board granted the two variances and determined that the project was otherwise zoning compliant.

The plaintiff owns a multiunit residential building immediately next door to the project. She lives in the building and leases other units to tenants. Following the board's decision, the plaintiff filed a complaint against the defendants, challenging the board's decision to grant the variances and arguing that the project's "size, scale and density . . . [will] adversely affect [her] in the use and enjoyment of her property, [and will have] similar adverse

2

impacts on other residents in [the] neighborhood."[3]  She also argued that the project, through its addition of the stacked-parking system, "will add significantly to the already congested traffic problems, increasing noise and overburden[ing] much needed on-street parking."  In response, HHC, joined by the board, filed a motion to dismiss for lack of standing, supported by project plans and affidavits, including one from professional traffic operations engineer Ian McKinnon.  With respect to the project's parking system, McKinnon opined that "the enclosed, below-grade stacked parking and the exterior loading area would not have an impact on Garage or street operations, and . . . the proposed parking system complied with number of spaces and hazard/maneuverability criteria of Article 69 of Boston's zoning code."

Discussion.  "We review the allowance of a motion to dismiss de novo."  Porter v. Board of Appeal of Boston, 99 Mass. App. Ct. 240, 243 (2021), quoting Curtis v. Herb Chambers I-95, Inc., 458 Mass. 674, 676 (2011).  Where, as here, the defendants moved pursuant to Mass. R. Civ. P. 12 (b) (1), arguing the court

---

[3] On appeal, the plaintiff fails to make any separate argument challenging the motion judge's findings regarding these alleged density concerns (unrelated to traffic and parking) that rises to the level of proper appellate argument.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).  Nonetheless, we see nothing in the motion judge's determination regarding the plaintiff's alleged density claims that constitutes error.

lacked subject matter jurisdiction because the plaintiff did not have standing, the judge was required to "accept the factual allegations in the plaintiff['s] complaint, as well as any favorable inferences reasonably drawn from them, as true." Ginther v. Commissioner of Ins., 427 Mass. 319, 322 (1998). The motion judge also could "consider affidavits and other matters outside the face of the complaint that are used to support the movant's claim that the court lacks subject matter jurisdiction." Id. at 322 n.6.

For the plaintiff to have standing under § 11 of the Boston zoning enabling act, St. 1956, c. 665, she must be a "person aggrieved"[4] by the board's decision -- that is, someone "who suffers a nonspeculative infringement of [her] legal rights" (quotation and citation omitted). Sheppard v. Zoning Bd. of Appeal of Boston, 74 Mass. App. Ct. 8, 11 (2009). Significantly, "[a]s an abutter, [the plaintiff] was entitled to a presumption of standing." Id. A defendant, however, can rebut that presumption in one of three ways: (1) "by showing that, as a matter of law, the claims of aggrievement raised by

---

[4] We note that the plaintiff's complaint was filed prior to the recent amendments to G. L. c. 40A, § 17, inserted by St. 2024, c. 150, § 11. See Porter, 99 Mass. App. Ct. at 241 ("person aggrieved" language of § 11 of enabling act "is identical to that in G. L. c. 40A, § 17, and is subject to the same interpretation").

4

[the] abutter . . . are not interests that the Zoning Act is intended to protect," (2) "by coming forward with credible affirmative evidence that . . . warrant[s] a finding contrary to the presumed fact of aggrievement," or (3) "by showing that the plaintiff has no reasonable expectation of proving a cognizable harm" (quotations and citations omitted). Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 573 (2016).

If the presumption is rebutted, "the plaintiff must prove standing by putting forth credible evidence to substantiate the allegations." 81 Spooner Rd., LLC v. Zoning Bd. of Appeals of Brookline, 461 Mass. 692, 701 (2012). In other words, the plaintiff must "establish -- by direct facts and not by speculative personal opinion -- that [her] injury is special and different from the concerns of the rest of the community" (citation omitted). Id.

Here, while the plaintiff's claims about traffic and parking are "typical zoning concerns," we agree with the motion judge that the defendants presented credible affirmative evidence warranting a finding contrary to the presumed fact of the plaintiff's aggrievement. Picard, 474 Mass. at 574. The affidavit of HHC's engineer, McKinnon, explained the evaluation his firm performed in analyzing the "proposed design for parking, vehicle access, and loading areas." McKinnon concluded, in his professional opinion, that "the enclosed,

5

below-grade stacked parking and the exterior loading area would not have an impact on the Garage or street operations, and that the proposed parking system complied with number of spaces and hazard/maneuverability criteria of Article 69 of Boston's zoning code" (emphasis added).  McKinnon also concluded that the system will not be "a nuisance or a hazard or [an] unreasonable impediment to traffic."  Accordingly, we agree with the motion judge that the defendants successfully rebutted the plaintiff's presumption of standing.  See 81 Spooner Rd., LLC, 461 Mass. at 702-703 ("defendant may present affidavits of experts establishing that an abutter's allegations of harm are unfounded or de minimis . . . [such that] if believed, [expert opinion] would contradict the presumed fact of aggrievement").

The burden thus shifted to the plaintiff to present credible evidence to substantiate her claims.  See 81 Spooner Rd., LLC, 461 Mass. at 701.  The plaintiff failed to do so.  Supported only by the affidavits of herself, her daughter, and some current and former tenants, the plaintiff claimed that the project will lead to an "increase both in people and vehicles" which will cause "increased traffic and further burden . . . the already limited parking on Dana Avenue."  Such claims, however, are conclusory.  The plaintiff fails to show how the project will lead to such an increase in traffic and decrease in parking availability.  The proposed project will contain at least one

6

parking space for every unit, which is sufficient for purposes of art. 69 of the Boston zoning code,[5] and as discussed in the traffic engineer's affidavit, the project will "not have an impact on the Garage or street operations."  See Denneny v. Zoning Bd. of Appeals of Seekonk, 59 Mass. App. Ct. 208, 213-214 (2003) (no standing where plaintiff offered nothing in response to defendant's expert evidence other than her own "speculative and conclusory" testimony).

The plaintiff also claims that "it is reasonable to assume" that in a situation where the stacking system malfunctions or is under repair, "unit-owner vehicles will be parked on Dana Avenue."  With respect to this claim, the plaintiff places the onus on the defendants, highlighting that HHC's expert's affidavit is "silent" on the issue.  However, where the defendants have successfully rebutted the plaintiff's presumption of standing, it was incumbent on the plaintiff to establish her standing with credible, nonspeculative evidence.  Her hypothesized chain of events, dependent on a system failure and the resulting behavior of unit owners, is too attenuated and speculative to meet that burden without substantiation.  See

---

[5] It is relevant to note that the project is 175 feet from the Hyde Park commuter rail station and less than a half mile from the Fairmount commuter rail station.  Further, in addition to on-street parking, there is an MBTA commuter lot at the end of Dana Avenue which, according to the plaintiff, charges seventy dollars per month for parking.

Butler v. Waltham, 63 Mass. App. Ct. 435, 441 (2005) (to establish standing, "[q]ualitatively, the evidence must be of a type on which a reasonable person could rely to conclude that the claimed injury likely will flow from the board's action. Conjecture, personal opinion, and hypothesis are therefore insufficient" [emphasis added]).

Finally, the plaintiff claims that due to the already limited on-street parking, she has had to discount the rent for her tenants so that they can park elsewhere, specifically at the lot at the end of the street which charges seventy dollars per month. While arguably a particularized injury, the plaintiff fails to explain how the project itself would cause financial harm where she has already felt the need to implement this practice in the absence of the project. Accordingly, we agree with the motion judge that the plaintiff ultimately failed to show that her concerns regarding the possibility of increased traffic and decreased on-street parking are any different than those shared by the entire neighborhood. See Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 215 (2020) (no standing where "evidence did not demonstrate harm particular to the plaintiffs, different from general concerns shared by the rest of the neighborhood"). Contrast Marashlian v. Zoning Bd. of Appeals of Newburyport, 421 Mass. 719, 723 (1996) (standing established where plaintiffs presented credible evidence showing

8

"public parking spaces would be lost" due to proposed project and individual parking needs would thus be harmed where "plaintiffs currently utilize public street parking to meet their business and personal needs").[6]

Judgment affirmed.

By the Court (Desmond, Ditkoff & Englander, JJ.[7]),

Clerk

Entered:   September 3, 2025.

---

[6] HHC's request for appellate attorney's fees is denied.

[7] The panelists are listed in order of seniority.