NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-594

JOHN F. LINHARES & others[1]

vs.

PLANNING BOARD OF DENNIS & others.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Janice Costa,[3] filed a complaint in 2018 against the planning board of Dennis (board) and the trustees of the Cape Commerce Nominee Trust (trust) under G. L. c. 40A, § 17, challenging the board's issuance to the trust of a special permit to construct twenty-four single-family homes on a parcel of land abutting her property.[4]  Following a bench trial in 2024,

---

[1] Mary K. Linhares, Susan J. Sargent, and Janice Costa.

[2] David L. Howes; and Catherine MacGregor and Molly MacGregor, as trustees of the Cape Commerce Nominee Trust.

[3] Of the four plaintiffs named in the complaint, only Costa appeals.

[4] Defendant David L. Howes was listed as the owner of the parcel on the board's special permit decision, but the trust purchased the parcel from Howes in 2021.

a Superior Court judge (trial judge) entered judgment in favor of the defendants, finding that the plaintiff lacked standing and that the board's decision was, in any case, properly supported by credible evidence. The plaintiff appeals, contending that it was error to dismiss her complaint for lack of standing, that the denial of her motion to amend the complaint constituted an abuse of discretion, and that the board's decision must be annulled for failure to comply with statutory requirements. We affirm.

Background. The plaintiff owns and lives on a property that fronts on Alexander Drive in South Dennis. The trust owns the adjacent lot (lot 8), currently occupied by a single-family home. The trust also owns an approximately five-acre parcel of vacant land located behind both properties. In 2018, the trust applied for a special permit to construct a twenty-eight unit housing development on the rear parcel. Six of these units would be deed-restricted affordable units. Residents of the development would enter and exit the development via a driveway to be constructed through lot 8.

At a board meeting in December 2018, the board voted to grant the special permit for a twenty-four unit development, with certain conditions. The plaintiff and the owners of two other properties abutting the proposed development promptly

2

appealed the board's decision to the Superior Court under G. L. c. 40A, § 17. The complaint alleged that the board had acted in excess of its authority by granting the special permit in the absence of a finding by the Dennis board of health, required by § 4.9.2.2.2 of the Dennis zoning bylaw (bylaw), "that the waste water system recommended for the site meets all state and local environmental standards for the protection of public health and water quality." In April 2019, the board of health voted to approve the project's proposed wastewater treatment system. In November 2020, a different Superior Court judge (motion judge) allowed the plaintiff's motion to amend the complaint to challenge the board of health's decision insofar as it was incorporated into the board's special permit decision. Like the original complaint, the first amended complaint related exclusively to the development's planned wastewater treatment system.

In October 2023, the trust submitted a revised plan, which included the use of newer wastewater treatment technology. The board of health approved the revised plan in January 2024. The following May, the plaintiff sought to amend the complaint a second time to challenge aspects of the board's special permit

3

decision unrelated to wastewater treatment.[5]  The motion judge denied the motion.

The case proceeded to trial in August 2024 before the trial judge.  Costa was the only plaintiff who participated.  Prior to trial, the plaintiff renewed her motion to amend the complaint; the trial judge denied the motion and issued an order limiting the trial to the allegations in the plaintiff's original complaint.  The parties stipulated that the trust waived its right to use the original wastewater treatment system, that the new system met the public health and water quality requirements of § 4.9.2.2.2 of the bylaw, and that the board of health's decision approving the new system was lawful.

Over the course of the two-day trial, the trust offered testimony from four witnesses, including a traffic engineer, who discussed the estimated traffic impact of the planned development.  The engineer testified that the development would generate an average of 271 additional vehicle trips per day, with about one vehicle every two to three minutes during peak commuting hours.  Based on this calculation, the engineer opined that the development would be "a low generator" of traffic for

_____

[5] In her first and second motions to amend, the plaintiff also sought to add parties to the complaint.  Both times, the motion judge denied this request.  The plaintiff does not challenge this aspect of the motion judge's decisions.

4

the area.  The plaintiff did not call any witnesses, as the judge excluded her testimony and that of another abutter the plaintiff wished to call on the issue of standing.

The trial judge issued findings of fact, rulings of law, and an order for judgment affirming the board's decision to grant the special permit.  The judge concluded that the plaintiff lacked standing to bring the action.  Nevertheless, the judge went on to address the merits of the board's decision and found that it was "fully supported by the credible evidence" and legally sound.

Discussion.  1.  Standing.  The plaintiff takes issue with the trial judge's ruling that she did not have standing as an "aggrieved" person under G. L. c. 40A, § 17, to challenge the board's issuance of the special permit.  The judge reasoned that the plaintiff's fears of substantially increased traffic, noise, and exhaust from the 271 vehicle trips per day passing through the property next door to hers, where at present there is no traffic at all, was "rank speculation," and that she failed to demonstrate that she would "suffer any legally cognizable special or unique harm resulting from the project."  "Standing as an 'aggrieved' person requires evidence of an injury particular to the plaintiffs, as opposed to the neighborhood in general, the injury must be causally related to violation of

zoning laws, and it must be more than de minimis." Murchison v. Zoning Bd. of Appeals of Sherborn, 485 Mass. 209, 214 (2020).

Because the trial judge, in the interest of completeness, addressed the merits of the plaintiff's challenge to the board's special permit decision; because both parties have addressed the merits in their brief; and because the issue of standing is not dispositive of this appeal, we assume without deciding that the plaintiff has standing. See Mostyn v. Department of Envtl. Protection, 83 Mass. App. Ct. 788, 792 & n.12 (2013) (question of standing need not be resolved where not outcome determinative).

2. Denial of the plaintiff's motion to amend. "We review the denial of a motion to amend the complaint for abuse of discretion." Dzung Duy Nguyen v. Massachusetts Inst. of Tech., 479 Mass. 436, 461 (2018). "Although leave to amend should be 'freely given when justice so requires,' such leave may be denied where there is undue delay, undue prejudice to the opposing party, or futility in the amendment." Id., quoting Mass. R. Civ. P. 15 (a), 365 Mass. 761 (1974).

The plaintiff moved to amend the complaint about five and one-half years into the litigation, four days before the final pretrial conference, and two weeks before trial was scheduled to begin. The proposed amended complaint contained three claims

6

that had not previously been asserted:  that the board's decision was inadequate because it was written by the town planner before the board hearing and did not sufficiently address the three factors set forth in § 4.9.1.1 of the bylaw,[6] that the development failed to meet the bylaw's dimensional requirements, and that the development overloaded or overburdened the easement appurtenant to lot 8.  The motion judge found "there has been undue delay here," as "it is hard to envision how the new facts alleged in the Amended Complaint were not known to the plaintiffs and their counsel long ago."  The plaintiff's brief fails to explain why the additional claims she sought to raise in the second amended complaint could not have been included in the original complaint.  "We have stated that an unexcused delay in seeking to amend is a valid basis for

---

[6] The three factors specified in § 4.9.1.1 that the board must consider in determining whether to grant a special permit are as follows:

"(a) whether the applicant has conformed to the design standards of this By-law and will deliver the needed affordable units; (b) whether the proposed development site plan is designed in its site allocation, proportions, orientation, materials, landscaping and other features as to provide a stable and desirable character complementary and integral with the site's natural features; and (c) whether the development, density increase or relaxation of zoning standards has a material, detrimental effect on the character of the neighborhood or Town and is consistent with the performance standards of the Dennis Zoning By-law."

denial of a motion to amend," Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264-265 (1991), particularly, as here, in light of an impending trial. See Leonard v. Brimfield, 423 Mass. 152, 157 (1996) (motion to amend properly denied where "case had been pending for over five years and the judge believed trial was imminent"). We therefore discern no abuse of discretion in denying the plaintiff permission to amend her complaint on the ground of undue delay. Moreover, as discussed below, the motion to amend could also have been denied on the ground of futility. See Chang v. Winklevoss, 95 Mass. App. Ct. 202, 212 (2019).

3. Judgment on the merits. Notwithstanding his finding that the plaintiff lacked standing, the trial judge addressed the merits of the board's decision to grant the special permit. "The standard of review for a special permit . . . requires the judge to make independent findings on the evidence presented to the judge, and to determine, based on that evidence, the legal validity of the decision of the permit granting authority." Barlow v. Planning Bd. of Wayland, 64 Mass. App. Ct. 314, 321 (2005). "If the board's decision is supported by the facts found by the judge, it 'may be disturbed only if it is based on a legally untenable ground, or is unreasonable, whimsical, capricious or arbitrary.'" Fish v. Accidental Auto Body, Inc., 95 Mass. App. Ct. 355, 362 (2019), quoting Bateman v. Board of

8

Appeals of Georgetown, 56 Mass. App. Ct. 236, 242 (2002).  The judge made findings concerning the proposed wastewater treatment system, as well as the project's site and building coverage, setbacks, parking, trash, traffic, light and noise, and general impact on the surrounding neighborhood.  The judge further determined that the board had made all findings necessary to issue the special permit and that the decision was "fully supported by the credible evidence" and a lawful exercise of the board's discretion.

The plaintiff's primary argument on appeal for overturning the board's decision is that the board failed to comply with its statutory duty to "cause to be made a detailed record of its proceedings, indicating the vote of each member upon each question, . . . and setting forth clearly the reason for its decision . . . ."  G. L. c. 40A, § 9, thirteenth par., as amended through St. 2018, c. 209, § 16.  This, of course, is one of the claims that the plaintiff was denied leave to assert in the second amended complaint.  In any case, the claim is meritless.

The board's decision listed the vote of each member by name.  The plaintiff's contention that the statute required recording each board member's vote on each of the three criteria in § 4.9.1.1 of the bylaw is not supported by any of the cases

9

cited in her brief.  The statute requires the record of the board's proceedings to include each member's vote on "each question," which, when read in the context of G. L. c. 40A, § 9, as a whole, refers to each special permit application, not each and every consideration set forth in a municipality's zoning bylaw.

The cases cited by the plaintiff do support her argument that the board's decision must include a "definite statement of rational causes and motives, founded on adequate findings." MacGibbon v. Board of Appeals of Duxbury, 347 Mass. 690, 692 (1964), quoting Prusik v. Board of Appeal of Boston, 262 Mass. 451, 458 (1928).  The trial judge concluded, and we agree, that the board's decision was accompanied by a record that satisfies this requirement and evinces adequate consideration of the applicable factors.  The board's findings span three full pages and include its conclusions on the three factors listed in § 4.9.1.1, as well as numerous other considerations.  The board's imposition of nineteen numbered conditions on the project further demonstrates thorough attention to the interests that the bylaw was intended to promote.

The plaintiff also contends that the special permit decision should be annulled because the town planner drafted the board's decision ahead of the meeting, and the board adopted the

10

planner's draft without modification. The plaintiff offers no legal basis to support this claim, and we, like the trial judge, can find none. "Assertions of error that lack legal citation do not rise to the level of appellate argument and will not be reviewed by this court." Adoption of Zak, 90 Mass. App. Ct. 840, 842 n.4 (2017).

To the extent the plaintiff contends that the board erred by failing to consider the trust's overloading or overburdening of the easement appurtenant to lot 8 -- another claim that the plaintiff was denied leave to pursue -- we disagree. "The primary purpose of zoning with reference to land use is the preservation in the public interest of certain neighborhoods against uses which are believed to be deleterious to such neighborhoods." Circle Lounge & Grille, Inc. v. Board of Appeal of Boston, 324 Mass. 427, 431 (1949). For that reason, "injuries to . . . private easement rights are not within the scope of concern of the Zoning Act." Picard v. Zoning Bd. of Appeals of Westminster, 474 Mass. 570, 575 (2016). The plaintiff might assert -- and indeed has asserted -- her easement-related claims in a separate action. See id. at 575 n.10 ("Although [plaintiff] lacks standing under the Zoning Act,

nothing we say here deprives him of his right to pursue a remedy at common law for any actual harm to his easement rights").[7,8]

Judgment affirmed.

By the Court (Massing,
  Singh & Grant, JJ.[9]),

*Paul Little*

Clerk

Entered:  May 22, 2026.

---

[7] The plaintiff makes no argument concerning the bylaw's dimensional requirements, and therefore any such claim, whether pertaining to the merits of the special permit or the denial of the motion to amend, is waived.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019) ("appellate court need not pass upon questions or issues not argued in the brief").

[8] The trust's request for an award of attorney's fees and costs is denied.

[9] The panelists are listed in order of seniority.